## CAIGER v. THE STATE.

### [No. 19,355.    Filed December 19, 1900.]

CRIMINAL LAW.—*Larceny.*—*Instruction.*—*Power of Jury to Fix Penalty.*—Where an indictment in separate counts charges petit and grand larceny an instruction to the jury that if they find the defendant guilty the court will fix the punishment, is erroneous, since the jury might assess the punishment of petit larceny at imprisonment in the county jail, if the same was deemed adequate punishment for the offense.

From the Elkhart Circuit Court.    *Reversed.*

*H. C. Dodge* and *O. M. Conley,* for appellant.

*W. L. Taylor,* Attorney-General, *C. C. Hadley, Merrill Moores, C. G. Sims* and *C. E. Frank,* for State.

MONKS, J.—An indictment in four counts was returned in the court below against appellant. The first count charged the offense of petit larceny, the second, grand larceny, the third, receiving stolen goods of the value of less than $25, and the fourth, receiving stolen goods of the value of $25.

The trial of said cause resulted in a verdict of guilty of petit larceny as charged in the first count of the indictment, and over a motion for a new trial the court assessed the punishment, under the indeterminate sentence law, that appellant be confined in the Indiana Reformatory not less than one nor more than three years, etc.

The action of the court in overruling the motion for a new trial is called in question by the assignment of errors. Among the instructions given by the court was the following, numbered six: "The law applicable to these two charges is slightly different. If the defendant did steal, take and carry away any of the property mentioned in this indictment, within the two years last past prior to the indictment, within the county of Elkhart and State of Indiana, then your verdict will be for the State, and the amount of the punishment will be fixed by the court under the statute." The giving of this instruction was assigned as a cause for a new trial.

In *Hicks* v. *State,* 150 Ind. 293, this court held that the statutes providing for punishment of felonies by imprisonment in the county jail or in the State prison, in the discretion of the court or jury trying the cause, were not repealed by the indeterminate sentence law nor by the Indiana Reformatory act as to the provision for imprisonment in the county jail, but that the court or jury trying such cases might, after said acts were passed, assess the punishment of imprisonment in the county jail, if the same was deemed adequate punishment for the offense. If not deemed adequate, however, then the finding must be made or verdict returned under the indeterminate sentence law. The following cases are to the same effect. *Zeilinski* v. *State,* 150 Ind. 700; *Bealer* v. *State,* 150 Ind. 390, 392, 393; *Barnard* v. *State,* 150 Ind. 701.

The offense of petit larceny charged in the first count, and the offense of receiving stolen goods of the value of less than $25 charged in the third count, may be punished by imprisonment in the county jail for any period not more than one year, with a fine and disfranchisement. §§2007, 2012 Burns 1894, §§1934, 1935 R. S. 1881 and Horner 1897. The jury in said cause, if they found appellant guilty as charged in either said first or third counts, had the right therefore to assess the punishment at imprisonment in the

county jail for any period they might decide upon, not more than one year, and that he be fined and disfranchised, if they deemed the same adequate. *Zeilinski* v. *State,* 150 Ind. 700, and cases cited, *supra.*

By said instruction six the court informed the jury that they had no such power but that if they found appellant guilty of larceny, the court fixed the punishment under the statute. Said instruction was clearly erroneous. The instruction was not limited to the second count, which charges grand larceny but applied to both the first and second counts. If the jury had found appellant guilty of grand larceny, as charged in the second count instead of petit larceny, as charged in the first count, it may be that said instruction would have been harmless; but under the verdict returned it does not appear from the record that said instruction was harmless.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.