## GIANINO *v*. STATE OF INDIANA.

[No. 22,731. Filed April 21, 1915.]

1. CRIMINAL LAW.—*Trial.—Denial of Motion to Poll Jury.—Subsequent Correction of Verdict.*—Where the jury in a criminal case returned a defective verdict of guilty, and defendant moved to have the jury polled, which motion the court overruled and thereupon without accepting or recording the verdict directed the jury to return to the jury room and correct the same, and the judgment was rendered on the corrected verdict, defendant was not harmed by the overruling of his motion, and though a denial of the right given by §2142 Burns 1914, Acts 1905 p. 584, §266, to have the jury polled would be reversible error, the right was lost by failure to renew the motion on the return of the corrected verdict. p. 200.

2. CRIMINAL LAW.—*Appeal.—Questions Reviewable.—Competency of Jurors.—Record.*—Nothing is presented for review by a motion for new trial on the ground that certain jurors made false answers to questions touching their competency, where no part of the evidence is in the record and it is not shown by any special bill of exceptions what, if any, questions were asked of either juror, and the only evidence of any question asked or answer made is

contained in recitals in affidavits embraced in the motion for new trial and in a motion to discharge the jury. p. 202.

3. CRIMINAL LAW.— Appeal.— Review.— Misconduct.—Evidence.— Conclusiveness of Finding.—The finding of the trial court as to alleged misconduct of a juror and of the prosecuting attorney, based on affidavits and counter affidavits filed in connection with a motion for new trial, is conclusive. p. 202.

4. CRIMINAL LAW.—Trial.—Correction of Verdict.—Where the jury in a criminal case returned a defective verdict of guilty, which was neither accepted nor recorded, the defendant was not harmed by the action of the court in directing the jury to correct its verdict. p. 202.

From Clark Circuit Court; *James W. Fortune,* Judge.

Prosecution by the State of Indiana against Joseph Gianino. From a judgment of conviction, the defendant appeals. *Affirmed.*

*L. A. Douglass, H. W. Phipps* and *B. C. Lutz,* for appellant.

*Richard M. Milburn,* Attorney-General, *Warren B. Allison, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

MORRIS, J.—Appellant was charged by affidavit with the crime of arson. §2260 Burns 1914, Acts 1905 p. 584, §371. From a judgment on a verdict of guilty, he prosecutes this appeal. The record shows that after deliberation, the jury returned into open court and its foreman handed to the clerk, who read the same, the following: "We the jury find the defendant guilty as charged in the affidavit: that he is — years of age, and that he burned property of the value of $———. George Van Pelt, foreman." Thereupon defendant moved that the jury be polled. The motion was overruled, but the court asked the jurors, "Is this your verdict gentlemen?", and they answered "Yes", and then the court asked,"So say you all?" and they answered "Yes". Following this colloquy, the court directed the jurors who were not members of the regular panel to stand aside and report to the sheriff for their per diem,

which direction was obeyed, and thereupon they were recalled and placed in the jury box and the jury was ordered by the court to return to the jury room and correct its verdict and fill out the blanks showing the age of defendant and the value of the property burned. To this, appellant objected and excepted. The jury returned to the jury room, and, as shown by the record, "afterwards, on the same day, said jury returned into court, the following corrected verdict, to wit: 'We the jury find the defendant guilty as charged in the affidavit: that he is 25 years of age, and that he burned property of the value of $5,000.00. George Van Pelt, foreman.' "

To the above proceeding defendant objected and moved the court to discharge him. The motion was overruled. The judgment here was rendered on the above corrected verdict, and the first one returned was not recorded. After the return of the corrected verdict, the appellant made no motion to require the polling of the jury. Reversible error is predicated on the denial of appellant's motion to poll the jury. §2142 Burns 1914, Acts 1905 p. 584, §266, confers on a defendant in a criminal case the right to have a jury polled, which consists in asking each juror separately in relation to his assent to the verdict before its recording. *State Life Ins. Co.* v. *Postal* (1909), 43 Ind. App. 144, 84 N. E. 156, 1093. Had such a motion been made and overruled after the return of the corrected verdict, the court's action doubtless would have constituted reversible error, but we are constrained to hold otherwise where, as here, the verdict first returned was not accepted by the court or recorded. When the jury returned to the jury room, although sent back to correct its verdict, it retained its power to find the appellant guilty or not guilty. The failure to move for a poll of the jury when it returned the second time, or to renew the former motion, deprives appellant of any just ground of complaint.

Among the reasons assigned for a new trial is the alleged

fact that two named jurors made false answers to questions asked, each touching his competency to serve as a 2. juror. The only evidence of any question asked or answer made is found in the affidavits of appellant and others contained in the motion for a new trial and in support of a motion by appellant, made while the jury was deliberating on its verdict, to discharge the jury. No part of the evidence is in the record. It is not shown by any special bill of exceptions what, if any, questions were asked of either juror. Matters of this character must be verified by the record. No question is presented for review by recitals in affidavits of this character. *Dorsey* v. *State* (1913), 179 Ind. 531, 535, 100 N. E. 369; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 219, 77 N. E. 790.

Error is predicated on the alleged misconduct of one of the jurors, and of the prosecuting attorney. The supposed misconduct is evidenced by affidavits filed in support 3. of appellant's motion for a new trial. The State filed counter affidavits denying the truth of the charges. On the conflicting evidence, the trial court found in favor of the State, and this court can not weigh the conflicting evidence.

Appellant claims that the court erred in receiving the verdict on which the judgment was rendered, because, previously, on the same day, the jury had returned its verdict. 4. dict. The first verdict returned was not accepted by the court, or recorded, and no error was committed which prejudiced appellant's rights. *Pehlman* v. *State* (1888), 115 Ind. 131, 17 N. E. 270. Judgment affirmed.

Note.—Reported in 108 N. E. 579. As to right of parties to poll jury, see 30 Am. Rep. 497. See, also, under (2) 12 Cyc. 846, 873; (3) 12 Cyc. 904; (4) 12 Cyc. 934, 699.