SWITZER ET AL. *v.* STATE OF INDIANA.

[No. 26,763.   Filed April 29, 1937.]

*A. Noel Du Comb, Harry Taylor* and *Du Comb &
Du Comb,* for appellants.

*Omer S. Jackson,* Attorney-General, *Glen L. Steckley,*
Deputy Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

HUGHES, J.—This is an appeal from a judgment of
conviction of the appellants for the crime of conspiracy.
The appellants contend that the court erred in:

(a) Overruling appellants' motion to quash the indictment;

(b) Overruling appellants' motion in arrest of judgment; and

(c) Overruling appellants' motion for a new trial.

It is insisted by appellants that their motion to quash
the indictment should have been sustained for the reason:

(a) That the facts stated in the indictment do not
constitute a public offense;

(b) That the indictment does not state the offense
with sufficient certainty.

More than fifty-five reasons are assigned by appellants in their motion for a new trial, the greater number of which are based upon the giving or refusal to
give certain instructions. It is also alleged in their motion that the verdict of the jury is contrary to law and
is not sustained by sufficient evidence.

The indictment upon which the prosecution is based
is as follows:

"The Grand Jury of St. Joseph County, State of
Indiana, on their oaths present that on or about
the — day of July, A. D. 1935, at the County of
St. Joseph and State of Indiana, one Otto Switzer,
being then and there a duly elected, qualified and
acting constable of Portage Township in said County, and one William Bushong being then and there
a duly appointed, qualified and acting constable of
Clay Township in said County, the said Otto
Switzer and William Bushong being then and there

peace officers charged with the duty of arresting persons committing crimes in their presence in said county, hereinafter called defendants, did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and purpose and with the unlawful and felonious intent, then and there and thereafter to commit divers felonies in violation of the laws of the State of Indiana, that is to say, unlawfully, feloniously and corruptly to ask, solicit, demand and accept divers sums of money, good and lawful money of the United States, the exact amount and value thereof being to the grand jurors unknown, as a bribe and bribes, from Emerence Verwilst, Fred Buysse, Anton Husvar, Julia Nagy, Anna Babicz, and Adam Piechocki, and divers other persons whose names are to the grand jurors unknown, which said named and unknown persons would then and there and thereafter, commit and be found committing divers offenses in violation of the Indiana Alcoholic Beverages Act of 1935, in their, the said defendants' presence, that is to say, that they, the said named and unknown persons, would, with the knowledge and consent of defendants, in violation of the Indiana Alcoholic Beverages Act of 1935, in their, the said defendants' presence, that is to say, that they, the said named and unknown persons, would, with the knowledge and consent of defendants, in violation of the Indiana Alcoholic Beverages Act of 1935, unlawfully possess stills and distilling apparatus, and would unlawfully manufacture, possess, keep for sale, sell, barter, furnish and give away alcoholic beverages, a more particular description of which said offenses being to the grand jurors unknown, which said divers sums of money would be paid and given over to said defendants by said named and unknown persons with the intent and in consideration that they, the said defendants, as said officers, would be feloniously, corruptly and unlawfully influenced with respect to their official duty and be influenced in their official action, in this, that said defendants would not arrest, prefer charges against or prosecute the said Emerence Verwilst, Fred Buysse, Anton Husvar, Julia Nagy, Anna Babicz and Adam Piechocki and said divers other unknown persons as aforesaid for said vio-

lations of said Alcoholic Beverages Act as aforesaid, but would then and there unlawfully, feloniously and corruptly refrain from and fail and refuse to arrest, prefer charges against or prosecute said named and unknown persons, and for the further unlawful and felonious object and purpose and with the intent unlawfully, feloniously and knowingly to personate and represent other persons, to-wit, at certain times and to certain persons, federal officers and at certain other times and to certain other persons, State Police officers, a more particular description of which said intended personations being to the grand jurors unknown, to one Emerence Verwilst, one Fred Buysse, one Anton Huszar, one Julia Nagy, one Anna Babicz and one Adam Piechocki, and divers other unknown persons whose names are to the grand jurors unknown, and to then and there in such assumed character, feloniously and falsely receive divers sums of money, the exact amount and particular description of which being to the grand jurors unknown, which the said named and unknown persons would then and there intend to deliver to said federal officers and State Police officers with the felonious intent, on the part of said defendants, then and there to convert the said divers sums of money to their own use, and for the further unlawful and felonious object and purpose, and with the intent, unlawfully, feloniously, knowingly and falsely to pretend to one Emerence Verwilst, one Fred Buysse, one Anton Huszar, one Julia Nagy, Anna Babicz and one Adam Piechocki and divers other persons whose names are to the grand jurors unknown, with the intent then and there and by such false pretenses, to cheat and defraud the said named and unknown persons aforesaid, for the purpose of obtaining from said named and unknown persons aforesaid certain divers sums of money, the exact amount and value thereof being to the grand jurors unknown, that they, the said defendants, were federal officers and State police officers, as aforesaid, and as such federal officers and State police officers, would not arrest, prefer charges against or prosecute said named and unknown persons aforesaid, for violation of the Indiana Alcoholic Beverages Act of 1935, or of the Internal Revenue Laws of the United States, if they, the said named and un-

known persons would pay and give to them, the said defendants, said divers sums of money aforesaid; that the said named and unknown persons aforesaid, relying upon the said representations of the said defendants and their false pretenses as aforesaid, and believing the same to be true, and being thereby deceived, and having no means of ascertaining the contrary, would then and there pay and give to said defendants, and said defendants would then and there and thereby receive and obtain, from said named and unknown aforesaid persons, possession, by means of their, the said defendants' false pretenses as aforesaid, of the said divers sums of money aforesaid, to the injury of the said named and unknown persons aforesaid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

It is apparent that the indictment attempts to charge the crime of conspiracy to commit three felonies, to wit: (a) Soliciting a bribe, (b) false personation, and (c) obtaining money by false pretense. It is conceded by the appellants that the indictment properly charges a conspiracy to commit the felony of soliciting a bribe but that it fails to properly charge the felonies of obtaining money by false pretense and false impersonation.

In considering an affidavit or indictment, certain statutory provisions should be kept in mind. Sec. 2224 Burns 1926, §9-1126 Burns 1933, §2205 Baldwin's 1934, provides:

"The indictment or affidavit is sufficient if it can be understood therefrom . . . Fifth. That the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case."

And it is further provided by Sec. 2225 Burns 1926, §9-1127 Burns 1933, §2206 Baldwin's 1934, that:

"No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed . . .

for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

It is also a rule of law that no more certainty is required in criminal cases than in civil cases and all that is necessary is that the allegations be certain to a common intent. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *Whitney* v. *State* (1934), 206 Ind. 562. And, as said in the case of *Agar* v. *State, supra* (p. 244):

"The true test of the sufficiency of an indictment is whether the material averments thereof are stated with such certainty as to apprise the defendant of the nature and character of the charge against him."

It is provided in Sec. 10-1101 Burns 1933, §2909 Baldwin's 1934, as follows:

"Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall be fined on conviction, be fined not less than twenty-five dollars ($25.00) nor more than five thousand dollars ($5,000), and imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years."

It is also provided in Sec. 10-2103 Burns 1933, §2747 Baldwin's 1934, as follows:

"Whoever, with intent to defraud another, resignedly, by color of any false token or writing, or any false pretense, obtains the signature of any person or persons, firm or corporation to any written instrument, or obtains from any person, persons, firm or corporation any money, or the transfer of any bond, bill, receipt, promissory note, draft or check, or thing of value, or whoever sells, barters, or disposes of, or offers to sell, barter or dispose of, any transfer, bond, bill, receipt, prom-

issory note, draft or check, or anything of value, knowing the signature of the maker, indorser, or guarantor thereof to have been obtained by any false pretense, shall, on conviction, be imprisoned in the state prison not less than one (1) year nor more than seven (7) years, and fined not less than ten dollars ($10.00) nor more than one thousand dollars ($1,000), or, at the discretion of the court or jury trying the cause, shall, upon conviction thereof, be imprisoned in the county jail not more than six (6) months nor less than ten (10) days, and fined not more than fifty dollars ($50.00) nor less than ten dollars ($10.00)."

It is contended by the appellants that the indictment fails to sufficiently allege the ownership of the property designed to be obtained by means of the intended false pretenses. We do not agree with this contention. The affidavit alleges:

". . . and for the further unlawful and felonious object and purpose, and with the intent, unlawfully, feloniously, knowingly and falsely to pretend to one Emerence Verwilst, one Fred Buysse, one Anton Huszar, one Julia Nagy, Anna Babicz and one Adam Piechocki and divers other persons whose names are to the grand jurors unknown, with the intent then and there and by such false pretenses, to cheat and defraud the said named and unknown persons aforesaid, for the purpose of obtaining from said named and unknown persons aforesaid certain divers sums of money, the exact amount and value thereof being to the grand jurors unknown, that they, the said defendants, were federal officers and State police officers, as aforesaid, and as such federal officers and state police officers, would not arrest, prefer charges against or prosecute said named and unknown persons aforesaid, for violation of the Indiana Alcoholic Beverages Act of 1935, or of the Internal Revenue Laws of the United States, if they, the said named and unknown persons, would pay and give to them, the said defendants, said divers sums of money aforesaid; that the said named and unknown persons aforesaid, relying upon the said representations of the said defendants and their false pretenses, as aforesaid, and believing the same to be true, and being there-

by deceived, and having no means of ascertaining the contrary, would then and there pay and give to said defendants, and said defendants would then and there and thereby receive and obtain, from said named and unknown persons aforesaid, possession, by means of their, the said defendants', false pretenses as aforesaid, of the said divers sums of money aforesaid, to the injury of the said named and unknown persons aforesaid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The felony described as false pretenses is a method by which a criminal obtains property of the victim and the end is the same as in larceny, embezzlement, robbery and burglary. Of course, one can not be guilty of stealing or embezzling his own property and the ownership of the property must be sufficiently alleged to show that it belongs to the one from whom it was taken and not to the one taking it. False pretenses by which one recovers possession of his own property are not within the statute.

The indictment says:

". . . with the intent then and there and by such false pretenses, to cheat and defraud the said named and unknown persons for the purpose of obtaining from said named and unknown persons certain sums of money . . . to the injury of the said named and unknown persons aforesaid . . ."

This language clearly shows that money was to be obtained from the named persons and others unknown by means of cheating and defrauding and to their injury. If the money was to be obtained from them and to their injury, we think it is fair to assume that the money belonged to them and such a strained construction as appellants would have us place upon "ownership" should not prevail. The language certainly meets the requirement that no more certainty is required in a

criminal case than in a civil case and all that is necessary is that the allegations be certain to a common intent. The language of the indictment does not tend to prejudice the substantial rights of the defendants upon the merits of the case. The case of *Compton* v. *State* (1929), 201 Ind. 535, 170 N. E. 325, and other cases cited by appellants are distinguishable from the case at bar. In the Compton case, it is said (p. 537):

"To constitute a good charge for obtaining money or property by false pretenses, it must be shown that the injured party was deceived by the false representations and induced by such deceit to part with his money or property."

The indictment in the instant case clearly shows that the injured person was deceived by the false representations induced by the deceit of appellants and by reason thereof parted with their money.

In the instant case that part of the indictment charging the appellants with false pretenses certainly is sufficiently clear to show that it was money belonging to the persons named that was obtained by the appellants and not money belonging to them. We think as to this part of the indictment, a public offense under the statute is sufficiently charged.

It is also insisted by appellants that that part of the indictment charging the felony of false personation is insufficient and fails to state a public offense. With this contention we are also unable to agree with appellants.

The language of the indictment is as follows:

". . . and for the further unlawful and felonious object and purpose and with the intent unlawfully, feloniously and knowingly to personate and represent other persons, to-wit: at certain times and to certain persons, federal officers, and at certain other times and to certain other persons, the State police officers, a more particular description of which said intended personations being to the grand

jurors unknown, to one Emerence Verwilst, one Fred Buysse, one Anton Huszar, one Julia Nagy, Anna Babicz and one Adam Piechocki, and divers other unknown persons whose names are to the grand jurors unknown, and to then and there in such assumed character, feloniously and falsely receive divers sums of money, the exact amount and particular description of which being to the grand jurors unknown, which the said named and unknown persons would then and there intend to deliver to said federal officers and State police officers with the felonious intent, on the part of said defendants, then and there to convert the said divers sums of money to their own use."

Sec. 10-2001 Burns 1933, §2631 Baldwin's 1934, relative to false personation and that part applicable here is as follows:

". . . or who falsely personates or represents another, and, in such assumed character, receives any property intended to be delivered to the party so personated, with intent to convert the same to his own use, on conviction, shall be imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years, fined not exceeding one hundred dollars ($100), and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The indictment follows the language of the statute. The persons personated were federal and state police officers and it is alleged that the appellants in their assumed characters of officers, obtained money from certain persons and converted it to their own use. The language is sufficient to show that the money obtained belonged to the persons named and others unknown and not to the appellants.

There was no error in overruling the motion to quash, nor in overruling the motion in arrest of judgment.

In appellants' motion for a new trial, under points and authorities, they contend that the court should have

instructed the jury that no issue was involved as to the charge in the indictment concerning a conspiracy to commit the felonies of false personation and obtaining money by false pretenses. The court gave two instructions, Nos. 5 and 6, which consisted of the statutory definitions of the felonies of false personation and obtaining money by false pretenses. If it were error for the court to give these instructions, and we think it was not, the appellants are in no position to take advantage of the error for the reason that the court gave, at the request of appellants, their instruction No. 1 which in part is as follows:

"The indictment in this case charges a conspiracy on the parts of the defendants, Otto Switzer and William Bushong, to commit the felonies of bribery, the felonies of false personation and the felonies of obtaining money under false pretenses . . ."

The instructions given by the court were in substance the same as the one given at appellant's request and they can not complain. *Lawson* v. *State* (1908), 171 Ind. 431. Appellants tendered instructions Nos. 2 and 3 which were refused. Instruction No. 2 told the jury, in effect, that the defendants could not be found guilty of a conspiracy to commit the felony of false personation and instruction No. 3 told the jury the defendants could not be found guilty of the felony of obtaining money under false pretenses. No error was committed in refusing to give these instructions. Other instructions were tendered by appellants and refused. These instructions can not be considered for the reason they would require an examination of the evidence, which is not before the court.

The appellants contend that the verdict returned by the jury "was uncertain, not in the form provided by law, not responsive to the issues and so uncertain that no judgment could be pronounced upon it."
The form of the verdict is:

"We, the jury, find the defendant Otto Switzer guilty of conspiracy and accepting bribe money . . ."

The same form was returned as to appellant William Bushong. A verdict will not be lightly set aside for some defect if the court can understand it. As said in the case of *Leinberger* v. *State* (1932), 204 Ind. 311, 314, 183 N. E. 798:

"A verdict will be presumed to mean that the defendant is found guilty of, and subject to punishment for, a crime with which he is charged in the affidavit, and the affidavit may be considered in determining the meaning of the verdict."

It has been repeatedly held by this court:

"that a motion for a venire *de novo* will not be sustained unless the verdict is so defective and uncertain on its face that no judgment can be pronounced upon it. A verdict, however informal, is good if the court can understand it. It is to have a reasonable intendment and is to receive a reasonable construction, and is not to be avoided except from necessity."

*Goodman* v. *State* (1918), 188 Ind. 70, 121 N. E. 826; *Page* v. *State* (1923), 193 Ind. 442, 139 N. E. 143.

That part of the verdict "accepting bribe money" can only be considered as surplusage and of no effect. The remaining part of the verdict conforms to the charge in the indictment and the judgment was pronounced accordingly. The appellants also contend that the verdict is not sustained by sufficient evidence. The evidence is not in the record and no error is presented by this assignment. The verdict is not contrary to law.

Judgment affirmed.