LIMEBERRY ET AL. *v.* STATE OF INDIANA.

[No. 28,116. Filed December 3, 1945.]

*Marshall Woolrey,* of Bedford, and *Harry W. Carpenter,* of Paoli, for appellants.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

GILKISON, J.—In the court below the appellants were charged in a single count with the offense of assault and battery on one John T. Elliott. They were tried by a jury, and separate verdicts of guilty were returned on April 11, 1945 as follows:

"We, the jury, find the defendant Cecil Limeberry guilty of assault and battery as charged in the affidavit, and that he be fined in the sum of $1.00 and costs and 6 months suspended sentence.

"(Signed Mrs. W. C. Roberts,
"Foreman.)"

An identical but separate verdict was returned against the defendant, Gaines.

The defendants were then ordered to "again appear in open court on April 23, 1945 at which time the court will render judgment on the verdicts."

On April 23, 1945, each of the defendants filed separate but identical motions for *venire de novo* as follows, omitting caption and signatures:

> "Comes now the defendant, Cecil Limeberry, and moves the court for a *venire facias de novo* in the above entitled cause for the reason that the verdict heretofore rendered herein is so uncertain, indefinite and ambiguous as to imposition of any imprisonment—and if so, the character and place thereof—that no judgment as to imprisonment to be imposed can lawfully be rendered thereon, and entered against said defendant."

Each of said motions was overruled by the court.

Each defendant then filed a separate but identical motion for a new trial on the statutory grounds:

(1) That the verdict is contrary to law.

(2) That the verdict of the jury is not sustained by sufficient evidence.

Each of said motions for new trial was then overruled by the court.

Judgment was then rendered sentencing the defendant, Gaines, to the Indiana Womens' Prison for six months, fining her one dollar, and that she pay the costs of the action.

Judgment was then rendered against the defendant, Limeberry, sentencing him to the Indiana State Farm six months, fining him one dollar and that he pay the costs of the action.

Each defendant then, at the time the judgment was rendered, filed separate but identical motions to modify the judgment rendered, to make it conform to the verdict. Each motion was overruled.

The assignment of errors contains two causes:

(1) The court erred in overruling appellants' motion for new trial.

(2) The court erred in overruling appellants' motion for a modification of the judgment.

At the beginning of the "Propositions, Points and Authorities" in the Appellee's Brief we are faced with this important note: "It is our opinion that the court erred in overruling appellant Bernice Gaines' motion for new trial. We are unable to find any evidence whatsoever to warrant her conviction . . . ."

Having read the bill of exceptions, we concur in this opinion of counsel for the State. We shall, therefore, direct our attention to the appeal of the appellant, Limeberry.

This appellant's counsel frankly admits that there is sufficient evidence in the record to justify this court in affirming the judgment as to his guilt, but they dispute that the verdict is sufficient to justify a judgment of imprisonment at the State Farm. It will be noted from the verdict heretofore set out that all there is, intimating that the jury intended to provide for the defendant's imprisonment, are the words following the fine, "and 6 months suspended sentence."

The defendant did not object to the form of the verdict when it was returned on April 11, 1945. His first objection to it was made when he filed his motion for *venire de novo* on April 23, 1945, the day when the judgment was rendered. It is reasonable to presume that the jury was discharged when the verdict was returned. A failure to object to a defective verdict when it is returned and before the jury is discharged waives the right to move for a

*venire de novo.* 16 C. J. 1116, § 2613. *May* v. *The State* (1895), 140 Ind. 88, 92, 93, 39 N. E. 701. The motion for *venire de novo* was therefore properly overruled.

When a defective verdict is returned either the State or the defendant has a right to move that the jury be required to correct its verdict. *Hoskins* v. *The State* (1868), 27 Ind. 470; *May* v. *The State, supra.* Or the court, observing the defect, may order the jury to retire and correct it. *Gianino* v. *State* (1915), 183 Ind. 199, 108 N. E. 579; *Pehlman* v. *The State* (1888), 115 Ind. 131, 17 N. E. 270; *Straw* v. *State* (1925), 197 Ind. 606, 613, 149 N. E. 430, 151 N. E. 695.

It has been held that,

> "The verdict is the definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination."

16 C. J. 1099, § 2580; 64 C. J. 1053, § 846.

A statute of the State of Indiana provides as follows:

> "When the defendant is found guilty the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted;
> . . . ."

§ 9-1819, Burns' 1942 Replacement.

This being a misdemeanor it was the duty of the jury, on finding the defendant guilty to fix the amount of the fine. This it has done, fixing it at one dollar. It was likewise its duty to fix the term of imprisonment to be inflicted, if any. The statute, § 10-403, Burns' 1942 Replacement, fixes the fine at "not more than one thousand dollars [$1,000],

to which may be added imprisonment in the county jail not exceeding six [6] months." In its verdict the jury merely added the following: "and 6 months suspended sentence." In our opinion these words add nothing to the verdict. It was complete without them. They are not sufficient to authorize the court to adjudge a jail or penal farm sentence. They should have been treated as surplusage, since the jury was not ordered to retire and correct the defect. The court committed error in attempting to correct this defect. *Wilson* v. *State* (1868), 28 Ind. 393; *May* v. *The State, supra; Hoskins* v. *The State, supra.*

> "If a verdict is so uncertain that the court cannot understand it and is clearly not in compliance with the law, it is the duty of the court to send the jury back with proper instructions as to the mode of framing a verdict . . . ."
> "Instructions given under such circumstances by the court as to the form or character of the verdict need not be in writing, although written instructions had been requested at the beginning of the trial."

*Straw v. State* (1925), 197 Ind. 606, 613, 149 N. E. 430, 151 N. E. 695, 696.

> "If the verdict is defective, it should be amended before the jury is allowed to separate . . . . But there can be no amendment of a verdict, in a material part, after the jury has been allowed to separate finally."

2 Watson's Works Practice 447, § 1875; *Trout and Another* v. *West and Others* (1867), 29 Ind. 51, 52; *Baughan* v. *Baughan* (1887), 114 Ind. 73, 75, 15 N. E. 466, 17 N. E. 181.

The court could not pass judgment of imprisonment on this verdict without ignoring the expressed intent of

the jury. It was the duty of the court, of its own motion on observing the defect, to order the jury to retire and correct it. The duty of the jury was not completed until this was done. What the jury might have done had it been ordered to retire and correct its verdict is unknown but its rights and duties under such circumstances are well expressed as follows:

"After a jury has been directed to return to the jury-room and amend or correct the verdict, it has the power and right to change the whole verdict, and bring in an entirely different verdict."

2 Watson's Works Practice 447, § 1875; *Rush* v. *Pedigo* (1878), 63 Ind. 479, 485.

The jury would have had a right to render a new verdict giving a time sentence of six months or for any lesser period, or it could have omitted the time sentence entirely. The defendant had a right to have the jury, not the court, pass on this important matter. Since the jury was discharged by the court, without first having fully performed its duty, it can not now be reassembled. Since the verdict is valid so far as the fine is concerned, the judgment rendered thereon is likewise valid. Since that part of the verdict concerning a time sentence is so ambiguous, that it is void, that part of the judgment fixing a time sentence is without foundation and is erroneous. *Hunnicutt* v. *Frauhigher* (1927), 199 Ind. 501, 158 N. E. 572.

This error is presented directly by the second assignment of error. "This court erred in overruling appellant's motion for a modification of the judgment." While a motion to modify a verdict is unknown to our practice, *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543, a motion to modify a judgment is common practice. It is a proper way to call the

court's attention to the error in the judgment in this case and was timely presented.

For the error of the court, admitted by the State, the cause is reversed as to the appellant, Bernice Gaines, with instructions to the court below to sustain her motion for new trial.

For the error of the court in overruling the appellant Limeberry's motion to modify the judgment as to him, the cause is reversed with instruction to the court below to sustain said appellant's said motion, by revoking the sentence to the Indiana State Farm contained therein.

NOTE.—Reported in 63 N. E. (2d) 697.