## MOORE *v.* STATE

[No. 28,325. Filed October 31, 1947.]

*McBride & Smith* and *Charles P. Turner,* all of Jeffersonville, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, and *Tilford B. Orbison,* of New Albany, for appellee.

GILKISON, J.—Appellant was tried upon his plea of not guilty to an indictment in two counts, each of which charged him with reckless homicide under § 47-2001, Burns' 1940 Replacement. After being instructed the jury returned a verdict as follows:

"We, the jury, find the defendant, Marvin Moore, guilty of the 1-2 count of the indictment, and that he be fined in the sum of $1000.00, and fix his age at 38 years.

William R. Conklin,
Foreman."

"We the jury have resolved to give the defendant Marvin Moore 5 years suspended sentence and revoke his drivers license for a period of five (5) years.

William R. Conklin."

The latter statement was written by the jury immediately beneath the verdict.

Upon receiving this verdict, the trial court made the following record: "And the court having examined said verdict declares the same as being defective over the objection of the defendant. And the jury is again instructed by the court to amend and correct their verdict."

The record further shows: "And said jury, after due deliberation, now returns into open court, its verdict, which reads in words and figures as follows: (omitting caption)

"We, the jury, find the defendant, Marvin Moore, guilty of the 1-2 count of the indictment, and that he be fined in the sum of $1000.00 and imprisoned in the State Prison for an indeterminate period of not less than one year or more than five years, and fix his age at 38 years.

William R. Conklin,
Foreman."

Judgment was rendered upon this verdict and against the defendant for costs.

A single question is presented on this appeal—the alleged error of the court in ordering the jury to correct

its verdict, instructing it of and concerning the correction required, and allegedly re-reading an instruction containing the statute upon which each count of the indictment is based. However, the instructions are not in the record by bill of exceptions or otherwise, and it is therefore quite impossible for the court to know what was in the instruction complained of, nor can we know what, if any, specific objection to the instructions was made to the trial court. Rule 1-7 Supreme Court of Indiana. *Leverich* v. *State* (1885), 105 Ind. 277, 278, 4 N. E. 852; *Rhodes* v. *State* (1930), 202 Ind. 159, 164, 171 N. E. 301, 172 N. E. 176.

No question is presented to us with reference to the alleged re-reading of an instruction by the court.

When, before the jury is discharged, the trial court observes that a defective verdict has been returned, he may order the jury to retire and correct the defect. *Limeberry* v. *State* (1945), 223 Ind. 622, 626, 629, 63 N. E. (2d) 697, and cases there cited.

Appellant contends that the court should have rendered judgment upon the verdict first returned, ignoring the penciled resolution at the bottom thereof. If this contention had been sustained by the trial court, it then would have been its duty to fix the penalty at a fine of not less than $100 nor more than $1000 and imprisonment in the state prison for an indeterminate period of not less than one year nor more than five years, agreeable with § 9-1821, Burns' 1942 Replacement. Had the court accepted appellant's contention and passed judgment on the first verdict, disregarding the appended resolution, appellant's position would not have been bettered or changed.

Of course, under § 9-1821, *supra,* the jury could not fix the punishment which would bind the court in

passing sentence upon a verdict of guilty. The court must give the sentence provided by law. *Males* v. *State* (1927), 199 Ind. 196, 199, 156 N. E. 403. Since the verdict complained of found the defendant guilty as charged in the indictment, and that he was 38 years of age, all else contained in the verdict was mere surplusage. *Mahok* v. *State* (1931), 202 Ind. 473, 475, 174 N. E. 281. The judgment of the court is within the penalty fixed by the statute, and agreeable with the effective part of the verdict. Appellant's rights have been in no way invaded.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 75 N. E. (2d) 193.