BURNETT *v.* STATE OF INDIANA.

[No. 29,178.   Filed November 22, 1954.]

*Charles E. Henderson,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with grand larceny under Acts 1941, ch. 148, §9, p. 447, being §10-3001, Burns' 1942 Replacement, tried by jury, and found guilty of petit larceny.

The only error assigned is the overruling of appellant's motion for a new trial. The questions presented pertain to certain proceedings of the court by which

the defendant-appellant was allegedly prevented from having a fair trial.[1]

The act or acts which are alleged to be irregular or erroneous are:

The action of the jury in returning three verdicts as follows:

> (1) "We, the jury, find the defendant guilty of petit larceny, and that he be imprisoned in the ...... for ...... days and pay a fine in the sum of ...... Dollars."

The court did not allow this verdict to be read, but instructed the jury to retire to the jury room and complete its verdict by filling in the blanks on the form furnished them. The jury thereupon retired and returned a second verdict as follows:

> (2) "We, the jury, find the defendant Glenn Burnett, guilty of petit larceny as charged in the affidavit, and find his age to be 1-5 years, and that he pay a fine in the sum of none dollars."

Whereupon the court read all the instructions previously given and new forms of verdict were given to the jury. To this procedure both the State and the defendant objected. The objections were overruled and the jury again retired to consider its verdict.

Later the same day the jury returned in open court the following verdict:

> (3) "We, the jury finds the defendant Glenn Burnett, guilty of petit larceny as charged in the affidavit and find his age to be 35 years, and that he pay a fine in the sum of none dollars."

Upon this verdict defendant-appellant was sentenced to the Indiana State Prison for a period of not less than

---

1. Acts 1905, ch. 169, §282, p. 584, being §9-1903, Burns' 1942 Replacement. (1st cause.)

one (1) year nor more than five (5) years, and disfranchised for a period of two (2) years.

Appellant asserts that these proceedings resulted in an invalid verdict. Three questions are thus presented:

*First:* Petit larceny is included in the offense of grand larceny. *Payne* v. *State* (1924), 194 Ind. 365, 368, 142 N. E. 651; Acts 1905, ch. 169, §272, p. 584, being §9-1817, Burns' 1942 Replacement.

When appellant went on trial for grand larceny he also was on trial for the included offense of petit larceny, *State* v. *Hattabough* (1879), 66 Ind. 223; and it was not error for the jury to return a verdict finding him guilty of the lesser offense.

*Second:* Was it error for the court to require the jury to correct its first and second purported verdicts?

The first and second verdicts were clearly defective and irregular. Under such circumstances the court properly directed the jury to retire and correct the verdict. *Moore* v. *State* (1947), 225 Ind. 357, 359, 75 N. E. 2d 193; *Limeberry* v. *State* (1945), 223 Ind. 622, 626, 629, 63 N. E. 2d 697; 23 C. J. S., Criminal Law, §1412, p. 1110.

After the jury had reconsidered their first two verdicts and altered the defects therein, the last verdict returned was the real verdict of the jury, and the court properly accepted it as such. *Gianino* v. *State* (1915), 183 Ind. 199, 108 N. E. 579; 23 C. J. S., Criminal Law, §1412, p. 1110, 1112.

The jury found the defendant-appellant guilty of petit larceny, an offense which is included in that charged in the affidavit, and that he was 35 years of age.

Statutes, such as that defining the offense of petit larceny, which provide for punishment by imprison-

ment in the county jail or in a state prison at the discretion of the court or jury trying the case, were not repealed by the Indeterminate Sentence Law.[2] Under such statutes the court or jury trying the case can assess the punishment of imprisonment in the county jail, if that is deemed sufficient punishment for the offense committed. However, if such punishment is not considered adequate, then the finding must be made or verdict returned as provided by the Indeterminate Sentence Law. *Caiger* v. *State* (1900), 155 Ind. 646, 647, 58 N. E. 1036.

It is evident from the verdict returned in the case at bar that the jury deemed punishment in the county jail to be inadequate for the offense committed and accordingly returned its verdict under the Indeterminate Sentence Law (§9-1821, Burns' 1942 Replacement). Under such circumstances it was the function of the court to pronounce sentence as provided by the particular statute violated.

The clause "and that he pay a fine in the sum of none dollars" appearing at the end of the verdict is surplusage and has no effect upon the true verdict rendered. *Moore* v. *State* (1947), 225 Ind. 357, 360, 75 N. E. 2d 193, *supra.*

The verdict, "We, the jury find the defendant, Glenn Burnett, guilty of petit larceny as charged in the affidavit and find his age to be 35 years," is sufficient, *Skelton* v. *State* (1898), 149 Ind. 641, 49 N. E. 901; and upon this verdict it was the function of the court to pronounce sentence. *Moore* v. *State* (1947), 225 Ind. 357, 359-360, 75 N. E. 2d 193, *supra;* Acts 1927, ch. 200, §3, p. 574, being §9-1821, Burns' 1942 Replacement.

*Third:* Appellant further asserts that he did not

2. Acts 1927, ch. 200, §3, p. 574, being §9-1821, Burns' 1942 Replacement.

have a fair trial because the "verdict was not found by a fair expression of opinion of the part of the jurors."

He attempts to sustain this charge by relying upon the action of the jury in returning a third verdict which allegedly was "completely inconsistent" with the first and second verdicts which the court returned for correction.

The motion for a new trial is not verified, nor is any statement therein supported by separate affidavit. There is no evidence in the record from which any inference might be drawn to show that "the jury did not have the intelligence and understanding to comprehend the matter before it and the consequence of the verdict" or that the verdict was not a fair expression of opinion on the part of all the jurors.

It may be inferred from the record that the jury was advised of the nature of the matter which they were to consider and that they had sufficient intelligence and understanding to comprehend their duties and functions. They found appellant guilty of the lesser crime included in the affidavit. In light of this fact we fail to see where appellant was harmed by any difference of opinion which might have existed among the individual jurors, especially since such difference, if any, was resolved in the verdict finding appellant guilty of the lesser, and not of the greater, offense charged in the affidavit.

The burden rested upon appellant to show that he did not have a fair and impartial trial because the verdict was not found by a fair expression of opinion on the part of all the jurors. He has failed to discharge this burden.

We find no reversible error, and the judgment of the trial court is affirmed.

Judgment affirmed.

Gilkison, C. J., Draper, Emmert and Flanagan, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 468.