CROSS, JR. v. STATE OF INDIANA.

[No. 29,314. Filed September 14, 1956.]

612

*Patrick E. Chavis, Jr.,* and *Rufus C. Kuykendall,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling, Harriette Bailey Conn,* Deputy Attorneys General, for appeals.

LANDIS, C. J.—Appellant was charged with the crime of robbery while armed and was convicted of robbery for which he was sentenced to the Indiana State Prison for an indeterminate period of ten to twenty-five years.

Appellant appeals from the judgment of conviction and here contends there was a complete absence of proof in the court below of the necessary elements of robbery.

An examination of the evidence necessary to a consideration of this case reveals that the complaining wit-

ness, McCauley, was on July 3, 1954 an employee of a filling station on West Washington Street in the city of Indianapolis. On the night in question McCauley worked at the filling station from 10:00 o'clock at night until 7:00 o'clock the following morning. He was a small man and was alone at the filling station where his duties consisted of operating the station. He was in charge of the money which was in a cash register located near the door, and amounted to $240.36, the money belonging to one Huddleston, the owner of the station. On the morning of July 3, 1954, at approximately 5:30 A.M., two men, one of whom was identified as appellant, pulled up into the driveway with his hand in his pocket, walked inside the door, picked up the cash register, put it under his arm, walked out, threw it into the car, and the two men then entered the car and then drove away. Appellant said nothing to the complaining witness and took his hand out of his pocket when he was returning to the car. The complaining witness saw no gun at any time, but did see appellant with his hand in his pocket, and said appellant had "that" look on his face. No conversation of any kind took place between appellant and the complaining witness. During the entire period of the offense the complaining witness was standing some thirty feet away from the front door of the filling station. The complaining witness testified he knew what was happening but wasn't about to do anything he could, saying he was too scared. Two policemen who interviewed McCauley ten or fifteen minutes later said McCauley was nervous.

We now proceed to a consideration of appellant's contention that there was no evidence of violence, actual or constructive, or the putting in fear by appellant of the complaining witness, McCauley.

It is well settled that while the principle of robbery is violence, actual violence is not the only means by which a robbery may be effected; that it may also be accomplished by fear, which the law considers as constructive violence. See: *Shinn* v. *The State* (1878), 64 Ind. 13; *Seymour* v. *The State* (1860), 15 Ind. 288; *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743.

No contention is made that actual violence was used by appellant in the commission of the alleged robbery, but that it was accomplished by putting McCauley in fear which the law considers as constructive violence.

The expression "putting in fear" is described in 2 Cooley's Blackstone (4th Ed.) p. 1404, and quoted in *State* v. *Luhano* (1909), 31 Nev. 278, 102 P. 260, 262, as follows:

" '. . . And when it is laid to be done by putting in fear, this does not imply any great degree of terror or affright in the party robbed: it is enough that so much force, or threatening by word or gesture, be used, as might create an apprehension of danger, or induce a man to part with his property without or against his consent. . . .' "

It is the settled rule that this court will not weigh the evidence when its sufficiency is questioned on appeal, but will examine the record to determine whether there is any evidence of probative value or any reasonable inferences which may be properly drawn therefrom which would sustain the verdict of the jury or the decision of the trial court. See: *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721; *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922.

Is this court able to conclude there was no evidence before the lower court of probative value or reasonable inferences to indicate appellant did not threaten McCauley by his gesture suggesting a gun in his right hand in his side coat pocket?

And is this court able to say there is no evidence or inferences sufficient to create an apprehension of danger or sufficient to induce a man to part with property or money without his consent?

The above synopsis of the evidence clearly demonstrates the record contains evidence of probative value, and reasonable inferences to indicate McCauley was placed in fear or apprehension of danger by the acts of appellant so as to induce him to allow the money to be taken. We therefore hold against appellant in his contention that there was a complete absence of proof of constructive violence, or the putting in fear by appellant of the complaining witness, McCauley.

In the oral argument on this appeal the question was raised as to the propriety of appellant's conviction of robbery under an affidavit charging him with robbery while armed with a deadly weapon. It is inconceivable that a person could commit robbery while armed with a deadly weapon without committing a robbery. As was said in *Kokenes* v. *State* (1938), 213 Ind. 476, 480, 13 N. E. 2d 524, 526:

"The same robbery is involved in both, but in one the offense is aggravated by the fact that the defendant was armed with a deadly weapon. If the robbery be established, but it is not proven that he was armed, there should be a conviction for robbery."

We hold robbery to be an included offense under a charge of robbery while armed with a deadly weapon. See also: *Polson* v. *The State* (1894), 137 Ind. 519, 35 N. E. 907.

As the matters raised in appellant's motion for new trial are therefore without merit, it is unnecessary for us to consider whether appellant's motion for new trial, grounded on the specifications that the "decision and judgment of the court is not sustained by sufficient evidence and is contrary to law" are in sufficient compliance with the statute to present any question for our consideration.

The judgment of the trial court is affirmed.

Achor, Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 137 N. E. 2d 32.