PAYTON *v.* STATE OF INDIANA.

[No. 30,568. Filed April 21, 1965.]

*Edward V. Minczeski,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was charged with and convicted of robbery, and appeals, contending that the evidence is insufficient to sustain the verdict and that certain instructions were erroneously refused. It is specifically urged that the evidence was insufficient in that it failed to show that the victim was robbed "by putting in fear" at the time of the alleged crime.

It is unnecessary for us to set out the entire statute upon which the charge is predicated, but we do point out that the statute (Burns' Ind. Stat. Anno. §10-4101 [1956 Repl.]) provides that the crime charged consists of the taking of property " . . . by violence or by putting in fear, . . . "

For this purpose we must briefly review the evidence. It shows that the prosecuting witness, a Mrs. Gertrude Kinsey, alias Woods, testified that on the afternoon of January 9, 1963 she was in a tavern in South Bend, Indiana and while drinking beer in a booth with another woman, one Hilroy came over and asked her for a dime. Thereupon the appellant came over to Mrs. Kinsey and objected to her offering to give money to another man and stated ". . . you don't give me no money to get my clothes out." The evidence further shows that he was angry at the time and he returned and hit Mrs. Kinsey. She states she knew nothing more until she woke up in the hospital, and she had thirty-seven stitches in her forehead and her billfold containing approximately $65.00 was missing out of her coat pocket.

The evidence reveals from other witnesses that the appellant reached in her coat pocket after hitting her and took her pocket book. The appellant admitted to a police officer he struck Mrs. Kinsey and stated he "really worked her, Gertrude over."

It is appellant's contention that there is not enough evidence here to show that Mrs. Kinsey was "put in fear."

The testimony shows that appellant had a menacing attitude and was angry when he first asked for the money from Mrs. Kinsey before he hit her, although Mrs. Kinsey was not aware at the time that he was going to hit her.

The evidence further shows that the appellant and Mrs. Kinsey had engaged in a number of fights while living together from April, 1959 to 1961. While living together in 1959 he had tried to get money from Mrs. Kinsey and she had refused and he had hit her with a glass, putting one of her eyes out. The evidence further shows that on another occasion she stabbed him with an ice pick. She testified that the appellant would fight her for money when he was drinking and ran out of money. She stated appellant, after putting her eye out, didn't take any money from her because "I wouldn't give it to him."

With a history of fighting over money between the two, the jury had sufficient evidence to believe that she would be put in fear upon his asking for any money from her.

" ' . . . Actual fear need not be proved, as a legal presumption of fear will arise from facts clearly indicating a cause therefor.' " *Koby* v. *State* (1935), 209 Ind. 91, 97, 198 N. E. 88, 90.

We have held that fear, as used in the robbery statute, is, in reality, constructive violence. We have said:

"No contention is made that actual violence was used by appellant in commission of the alleged robbery, but it was accomplished by putting McCauley in fear, which the law considers as constructive violence." *Cross, Jr.* v. *State* (1956), 235 Ind. 611, 614, 137 N. E. 2d 32, 33.

The jury's verdict in this case found the defendant guilty of "Robbery by Putting in Fear", and it is contended the specific verdict must be supported by some evidence of fear. In our opinion it is. However, we may note that words added to a verdict of a jury are surplusage unless they are inconsistent therewith, and should be given no consideration otherwise. *Burnett* v. *State* (1954), 233 Ind. 651, 122 N. E. 2d 468; *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193; *Switzer* v. *State* (1937), 211 Ind. 690, 8 N. E. 2d 80; *Steinbarger* v. *State* (1948), 226 Ind. 598, 82 N. E. 2d 519.

In our opinion, the evidence amply supports the verdict of the jury by showing that the property was taken by violence and by putting the victim in fear.

It is next argued that the appellant was too intoxicated to have any intent to commit the crime. However, the appellant was arrested shortly after the commission of the crime and police officers testified that he was quite coherent and understood what he had done. Where the evidence is conflicting, the jury's verdict will not be disturbed. *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914.

Error is claimed by the appellant because of the court's refusal to give tendered instructions 5, 6 and 8. The defendant's tendered instruction 5 is not specified in either the original motion or amended motion for a new trial as error, and is therefore waived. Instructions 6 and 8 are based upon the assumption that Gertrude Kinsey, alias Woods, was the common-law wife of appellant. The evidence will not support such instructions. It is quite plain that Mrs. Kinsey at the time was legally married to another man, although the evidence does show she was living with the appellant. Such instructions would also be improper in

face of the statute outlawing common-law marriages subsequent to January 1, 1958.

Burns' Ind. Stat. Anno. §44-111 (1964 Supp.)

The court committed no error in refusing the instructions.

The judgment of the trial court is affirmed.

Myers and Landis, JJ., concur.

Achor, J., dissents with opinion, in which Jackson, J., concurs.

### DISSENTING OPINION

ACHOR, J.—As stated in the majority opinion, appellant in Count II of the indictment was charged with robbery by violence and putting in fear. The jury returned a verdict finding appellant guilty "as charged in Count II of robbery *by putting in fear.*"[1] In the majority opinion, it is stated that the words "by putting in fear" should be treated as surplusage and given no consideration. The cases of *Burnett* v. *State* (1954), 233 Ind. 651, 122 N. E. 2d 468, and *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193, are cited as supporting this position.

However, in my opinion, the cases of *Burnett* and *Moore, supra,* are not decisive of the proposition for which they are cited. In those cases the words "disregarded as surplusage" are not words of the same character as those involved in the present case. In *Moore, supra,* the jury appended to their verdict an extra judi-

---

1. Count II reads in relevant part as follows:

"Comes now GERTRUDE WOODS, who being first duly sworn and upon her oath deposes and says:

"That on or about the 9th day of January, 1963, A.D., at and in the County of St. Joseph, State of Indiana, one HERMAN LEWIS PAYTON did then and there unlawfully, feloniously and forcibly and by violence and *putting GERTRUDE WOODS in fear* rob, take and steal from the said GERTRUDE WOODS, . . . . ." (Emphasis added)

cial resolution recommending a suspended sentence. Such an addition, under the facts of the case in which it was attempted, involved a statement which was beyond the jury's scope of determination and was therefore corrected by order of the court prior to the discharge of the jury involved.

In the *Burnett* case, *supra,* the surplus clause was "and that he pay a fine in the sum of *none* dollars." That case involved a verdict finding appellant guilty of petit larceny. Under the statutes then in effect such an offense was a reducible felony and the jury could either fix punishment as for a misdemeanor or as for a felony. See: Burns' Ind. Stat. Anno. §10-3002 (1956 Repl.) [Acts 1929, ch. 156, §2, p. 487.] Where the jury elected to treat the offense as a felony, this verdict was to be limited to a finding of guilt and a finding as to defendant's age. See: *Burnett* v. *State, supra,* at pp. 654-655. The final form of the verdict involved in that case contained the finding of guilt, and further found defendant's age to be 35. The surplus clause was then appended. Since, however, the jury had clearly shown its intent that the offense be treated as a felony the appended clause was both meaningless and beyond the scope of the jury's authority.

It is elemental that a verdict must conform with the charge made and must be sustained by the evidence.

In the present case involving a charge of robbery, violence and putting in fear are *alternative* elements, either of which will sustain a conviction.

The statute defining the offense of robbery, under which appellant was charged, provides:

> "Whoever takes from the person of another any article of value *by violence or by putting in fear,* is guilty of robbery, . . . " Burns' Ind. Stat. Anno. §10-4101 (1956) Repl.). [Emphasis Added]

In support of the issue that violence or putting in

fear are alternative elements to the crime of robbery, this court in the case of *Hazlett* v. *State* (1951), 229 Ind. 577, 583-584, 99 N. E. 2d 743, stated:

> "At common law 'Every robbery requires either actual violence inflicted on the person robbed, or such demonstrations or threats as under the circumstances create in him a reasonable apprehension of bodily injury. There need not be both.' 2 Bishop, *Criminal Law* (9th Ed.), §1166, p. 864. The statutory definition of the crime in 1860 was in the alternative, and was so construed in *Seymour* v. *State* (1860), 15 Ind. 288, 290, wherein the court said: ' "The words of the definition of the crime, are in the alternative, violence *or* putting in fear; and it appears that if the property be taken by *either* of these means, against the will of the party, such taking will be sufficient to constitute robbery." U. S. Cr. Law, 458; 3 Arch. Cr. Pl. by Wat. 417, and 418.' Section 10-4101, Burns' 1942 Replacement, clearly states that robbery may be effected either 'by violence' or 'by putting in fear.' See Ewbank, *Indiana Criminal Law*, §913, pp. 703, 704; Clark & Marshall, *Law of Crimes* (2d Ed.), §370, p. 548; 2 Wharton, *Criminal Procedure* (10th Ed.), §1213, p. 1667. . . . "

We are aware that the cases have described "putting in fear" as constructive violence. *Hazlett* v. *State, supra; Cross, Jr.* v. *State* (1956), 235 Ind. 611, 137 N. E. 2d 32. However, this does not change the fact that violence or putting in fear are distinct elements of the crime which must be sustained by the evidence and that the verdict must conform to the evidence. Constructive violence is merely a fiction of the law which must be supported by evidence of a "putting in fear," whereas, violence is a veritable fact with regard to which a charge, the evidence, and the verdict must conform.

In order for the words "by putting in fear," as used in the verdict, to be considered surplusage, it would be necessary that they be merely a meaningless characterization by the jury of what was charged in Count II, and

proved by the evidence. However, in this case the express inclusion of one alternative element in the verdict —robbery by putting in fear—could reasonably be construed as constituting a qualification or limitation by the jury upon the general verdict to the exclusion of the alternative—a finding of guilty of robbery "by violence." It is my opinion that under these circumstances we must consider the verdict in the light of this alternative expressly stated in the verdict.

We therefore examine the evidence to determine whether there was any evidence to sustain a verdict that the taking was consummated as the result of putting the prosecuting witness in fear. In the majority opinion it is stated that there was sufficient evidence to believe that the prosecutrix would have been put in fear, citing *Cross, Jr.* v. *State, supra; Koby* v. *State* (1935), 209 Ind. 91, 198 N. E. 88. The cited cases support the proposition that fear is constructive violence; but there is no support for the converse of that proposition where the violence is committed without the victim being aware of any impending attack. In each of the cited cases there was clear testimony by the victim as to his frightened state of mind, prior to the taking; but the present case contains no evidence of fear on the part of the victim *as related to the robbery charged.*

Indeed, all the evidence in the case is to the effect that the prosecutrix, who had been sitting with appellant in a bar, knew nothing of appellant's behavior— from the time appellant complained that she had given another man a dime but would not give him money to retrieve his clothes from the cleaners, until she awakened in the hospital. There is no evidence upon which to base a finding of "putting in fear," constructive or otherwise. Consequently, in my opinion the judgment on

the verdict *as rendered* is not supported by any evidence and should be reversed for that reason.

Furthermore, in my opinion the verdict, if not patently erroneous, was ambiguous. Under such circumstances this court has held that when there is an ambiguity in a verdict, the verdict must be construed in favor of the defendant. *Martin* v. *State* (1959), 239 Ind. 174, 154 N. E. 2d 714. The ambiguity in *Martin* is strikingly similar to the one here involved. In Martin, the charge was assault and battery with intent to gratify sexual desires. This court held that a verdict of "guilty of assault and battery as charged in count one of the affidavit" constituted a verdict of guilty of the lesser included offense of assault and battery.

Resolving the ambiguity of the jury verdict in the present case in the same manner (favorable to the defendant), the verdict of the jury would be construed as finding appellant guilty of robbery by putting in fear and not guilty of "robbery by violence." As previously noted, it is my opinion that there was no evidence that the robbery was perpetrated by *putting in fear*.

NOTE.—Reported in 206 N. E. 2d 143.