MICHAEL MCKINLEY *v.* STATE OF INDIANA.

[No. 1070S258. Filed April 14, 1972. Rehearing denied May 20, 1972.]

*Palmer K. Ward*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Assistant Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction for robbery in a trial without jury in the Marion Criminal Court, No. 2. Appellant's first allegation is that there was insufficient evidence to sustain the trial court finding of guilty. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

Appellant was convicted under I.C. 1971, 35-13-5-6, being Burns § 10-4101, which reads in pertinent part:

> "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery. . . ."

The charging affidavit in this case states that the appellant "did then and there unlawfully, feloniously, forcibly by violence and by putting Mabel Wilson, in fear with a firearm, to-wit: revolver. . . ." rob her.

Appellant's specific argument is that the affidavit charged robbery by violence and by putting in fear and there was no

evidence of the use of violence by appellant. The facts are not in dispute. On January 18, 1968, Mabel Wilson was employed as a clerk in a retail store in Marion County. At approximately 3 :00 p.m. appellant attempted to purchase merchandise with a credit card. Wilson called the bank and then refused to honor the card. She then testified as follows:

"I told him he couldn't have his merchandise and he said, 'How about the card?', and I said, 'You can't have it either'. So then he pulled the gun out of his pocket and pointed it at me, which of course, I was scared, and he started around the counter and told me to lay down on the floor, and I've got a little room in the back back there and I says, 'You want me to lay down here or in the back?', and he says, 'In the back', so, I went back there. He took the money out of the cash register. Then he told me to come out and get a sack. Well, at first I thought he wanted a little sack to put his money in. So I handed him a little sack and he said, 'No, I want it to put the merchandise in'. So I got a sack and started putting the merchandise in it, and that one sack wouldn't hold it. He told me to get another one and hurry up about it, and I says, 'Well, I'm working fast as I can. I can't work very fast.' So, I got another sack and I put some more merchandise in it."

The appellant was captured by the police before he left the store and he was in possession of a loaded .22 caliber pistol.

We find no merit in this position and therefore affirm the conviction. Appellant pointed a loaded pistol at the victim and forced her to lay down on the floor while he took the money from the cash register, and then ordered her to assist him in gathering up the items he intended to take. Pointing a loaded pistol at another person and thereby forcing him to do the robber's bidding is an act of violence within the meaning of § 10-4101, *supra*. *Cross* v. *State* (1956), 235 Ind. 611, 137 N. E. 2d 32; *Payton* v. *State* (1965), 246 Ind. 401, 206 N. E. 2d 143. We hold that the evidence was sufficient to sustain the trial court finding of guilty.

Finally, the appellant urges us to modify his sentence to reduce his maximum from twenty-five years to twenty years,

in accordance with *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815. We agree with this position and hereby affirm the judgment and remand this case to the trial court for modification of sentence.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 91.