STALKER ET AL. *v.* BAPTIST CHURCH IN NEW PROVIDENCE, INDIANA ET AL.

[No. 19,870. Filed May 17, 1963. Rehearing denied June 12, 1963. Transfer denied September 17, 1963.]

*Metford & Hensley,* of Madison and *Baker & Orbison,* of Indianapolis, for appellants.

*Owen Voigt,* of Jeffersonville, *Orbison, Rudy &*

*O'Connor,* of New Albany, and *Cooper, Cooper, Cooper & Cox,* of Madison, for appellees.

COOPER, C. J.—This matter is now before us on the appellees' motion to dismiss or in the alternative to affirm.

It affirmatively appears from the record and the appellants' brief now before us that this is an appeal from a judgment by the Jefferson Circuit Court against the appellants, James B. Stalker, Jr., et al., plaintiffs below, in an action commenced in the Clark Circuit Court to resist the probate of the purported last will and testament of one John M. Stalker.

It also appears that the appellants properly filed a motion for a new trial before the trial court setting out nine specifications in their said motion. In their brief now before us they voluntarily waive all of said specifications with the exception of the two which aver, in substance, that the finding and/or decision of the court is not sustained by sufficient evidence and is contrary to law. The error assigned by the appellants is that the trial court erred in overruling appellants' motion for a new trial.

It is the appellees' contention in their motion to dismiss or affirm that the appellants having filed only plaintiffs' exhibit A of the evidence as their bill of exceptions as shown in the transcript of record, presents no question for our consideration. The appellees move the court to dismiss this appeal, or in the alternative to affirm the judgment of the Jefferson Circuit Court.

It is the general rule of law that where the assignment of error is that the verdict or judgment is not

sustained by sufficient evidence presents no question for review where the verdict or judgment is negative. The rule is well stated in the case of *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, p. 41, 129 N. E. 2d 553, wherein our Supreme Court stated:

"We have repeatedly held that such assignment of error presents no question for review where the verdict is negative. *Capes* v. *Barger* (1953), 123 Ind. App. 212, 109 N. E. 2d 725; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474. However, a negative verdict may be attacked under the second specification, namely, the verdict of the jury is contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.' *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669."

Under the foregoing authority, we are of the opinion that it was incumbent upon the appellants to include all the evidence given in said cause in the record together with a concise statement thereof in his brief. Without such evidence, we are unable to determine whether or not he was entitled to a verdict or a judgment or whether such verdict or judgment was denied him, thereby making the same contrary to law. Nor, are we able to determine or consider the evidence

most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

It is also the rule that where there is no bill of exceptions containing the evidence, or the bill is not made a part of the record, questions depending upon the evidence may not be considered. *Koeneman v. Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345; *O'Brien v. Fulwier* (1960), 130 Ind. App. 520, 166 N. E. 2d 525; *Rees v. Rees* (1961), 131 Ind. App. 616, 172 N. E. 2d 435. Thus, where the sole assigned error is the overruling of a motion for new trial, and all the grounds of the motion depend upon the evidence, which is not in the record, the judgment below will be affirmed. *Johnson v. State* (1954), 233 Ind. 376, 119 N. E. 2d 717; §2277, Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, 1961 Pocket Part.

By reason of what we have heretofore stated, appellees' motion to affirm is sustained. Judgment affirmed.

NOTE.—Reported in 190 N. E. 2d 426.