SAMUEL GREGG *v.* STATE OF INDIANA.

[No. 472A187. Filed September 1, 1972.]

*Dean E. Richards,* of Indianapolis, for appellant.

*Theodore Sendak,* Attorney General, for appellee.

SULLIVAN, J.—Defendant-appellant, Samuel Gregg, was charged with Operating a Vehicle While Under the Influence of Liquor, No Operator's License, Fleeing a Police Officer, and Reckless Driving, and on November 20, 1970 in Marion County Municipal Court was apparently[1] found guilty of each such offense and was sentenced to the Marion County Jail for a period of thirty days and was fined $300.00.

Defendant, pursuant to Ind. Ann. Stat. (Burns 1972 Supp.) § 4-5811 as it existed prior to May 1, 1971, sought judicial review of those convictions. On April 1, 1971 a hearing was held in Marion County Criminal Court, Room 1, at which time defendant, who was also physically present, appeared by counsel. At that hearing, the matters under review were argued by counsel and at the conclusion of said hearing the court below made the following statement and entered same of record:

"This matter is continued until one week from today, April 8th, nine thirty a.m."

On April 8 the following matters were entered of record:

"THE COURT: The State against Samuel Gregg. This matter was set for judicial review on April first, 1971, and it was continued until this morning *for ruling,* the issues having been formed, and it looks like the defendant and his attorney are not here, simply are not here." (Emphasis supplied)

\* \* \*

"THE COURT: No, I am not going to continue it. It's an appeals case, it was set in open court, the defendant was standing right here when I set it, and neither he nor his

1. The record before us does not reflect the judgments entered by the Municipal Court except insofar as the reviewing judge, defendant's counsel, and the Deputy Prosecutor discussed the judgments and sentences at the time of the judicial review hearing.

attorney is here. The clerk will call the defendant three times."

\* \* \*

"THE COURT: The defendant and surety having each been audibly called three times and answering not, the bond is ordered forfeited, statutory notice to issue, rearrest warrant to issue. The defendant failing to appear, the appeals, and each of them, are ordered dismissed. The defendant is remanded to custody of the Sheriff of Marion County, to be remanded to the Municipal Court of Marion County for execution of judgment of sentence heretofore ordered. These cases, and each of them, are remanded to the Municipal Court of Marion County, and the defendant's bond is set in the amount of five thousand dollars."

On April 16 defendant filed a Motion to Reinstate the Appeal in Marion County Criminal Court One. The Motion was overruled.

We treat herein only the following specification of error:

1. The Marion County Criminal Court erred in dismissing the appeal from the Marion Municipal Court.

It has been traditionally held that inherent in the powers of a reviewing court is the authority to dismiss any appeal which is not diligently prosecuted. *Deckard* v. *State* (1960), 241 Ind. 338, 170 N. E. 2d 424. However, as hereinbefore noted, the record shows that the hearing of April 1 was continued not for further evidence but for ruling. Furthermore, notwithstanding the fact that the Criminal Court "dismissed" defendant's appeal, the record entry clearly shows that the Criminal Court had already considered all of the evidence before it.[2] Said dismissal reads in part as follows:

2. We note here that the procedure applicable to judicial review on both April 1 and April 8, 1971 specifically permitted for reception of additional "newly discovered" evidence. Acts 1969, Ch. 323, § 3 as found in Ind. Ann. Stat. § 4-5811 (Burns 1971 Supp.). At no time, however, during the April 1 hearing was newly discovered evidence tendered nor was there even any hint that "newly discovered" evidence existed or that such would be offered on the April 8 date.

"* * * and the Court having listened to the recording of the testimony heard below and having considered all other evidence in the record of this appeal * * *"

The defendant-appellant had therefore prosecuted his appeal to conclusion insofar as he was able. The fact that neither he nor his counsel was present upon the date set for ruling, does not constitute abandonment of the appeal or failure to diligently prosecute same.[3] On April 8, the date of dismissal, the sole aspect of the proceedings not yet completed, was the rendering of the review court's decision.

Accordingly, we now hold that it was error for the Marion Criminal Court to dismiss the appeal below.

We are unable to determine whether the defendant was prejudiced by this erroneous dismissal since the record before us does not contain the evidence considered by the reviewing court. We may not therefore presume whether the reviewing court would have affirmed the convictions.

The order dismissing the appeal is reversed, and the cause is remanded to the Marion County Criminal Court, Room 1 with instructions to reinstate the appeal and for further proceedings, not inconsistent herewith.

Buchanan, P.J., concurs; White, J., concurs with opinion.

## CONCURRING OPINION

White, J.—The short-lived statute under which appellant prosecuted his appeal from the Municipal Court of Marion County to the Criminal Court of Marion County does not de-

---

3. We are not here confronted with a failure of the defendant-appellant or his counsel to appear on the April 1 hearing date at which time oral argument was scheduled, nor with whether such failure would constitute abandonment of the appeal so as to authorize dismissal thereof. We merely note, however, that the duty of a reviewing court to decide an appeal upon the merits is not obviated by an appellant's failure to appear for oral argument. *See Town of Walkerton v. Fiwek* (1963), 134 Ind. App. 416, 189 N. E. 2d 110.

tail the procedure to be followed by the reviewing court.[1] It
provides, merely, that the appeal shall be "in the nature of a

1. The statute enacted as Ind. Acts 1969, Ch. 323, § 3, and currently
published as an annotation to Ind. Ann. Stat. § 4-5811 (Burns 1971
Supp.), also is IC 1971, 33-6-1-9, reads:

"Sec. 9. In all criminal cases an appeal in the nature of a review
may be taken to the criminal court of the county in which such
municipal court is located. For the purpose of facilitating and ex-
pediting the trial of causes on the summary and criminal dockets
of the municipal court and appeals therefrom, each judge of the
municipal court shall arrange and provide for the taking down and
recording by mechanical devices of any and all oral evidence and
testimony given in all causes and hearings, including both questions
and answers, and all rulings of the judge in respect to the admission
and rejection of evidence and objections thereto and the recording
of any other oral matters occurring during the hearing in all pro-
ceedings on the summary and criminal dockets of the court.

"The mechanical device or devices shall be selected by the pre-
siding judge of the municipal court, and shall be a device or devices
which make a permanent, nonerasable record of oral proceedings.
The arrangement of such devices in each court room shall be directed
by the presiding judge and shall be placed under the supervision
and operation of the person as may be designated by the presiding
judge.

"In any cause in which an appeal has been taken to another court
in the county, the person designated by the presiding judge of the
municipal court to supervise the operation of the mechanical device
shall certify that the record made is the record in the proceedings,
and such record itself shall be heard by the court to which said
cause is appealed. Said review shall be taken upon the records of
the trial in the municipal court and shall be in the nature of a
review instead of a trial de novo. The tape or record of the evidence
and of the entire proceedings, plus the papers, shall be forwarded to
criminal court and shall be the vehicle of review. Newly discovered
evidence may also be introduced by either the state or defendant.
Witnesses who were heard in the original trial in municipal court,
with the right of cross-examination, shall not be required to attend
said review. Such review shall be requested in the trial court within
ten (10) days of final judgment and shall be based upon written
motion alleging one or all of the following reasons: (1) Denial of
specific constitutional right. (2) Total failure of evidence upon any
material issue as charged. (3) Substantial irregularity of legal pro-
cedure or law, as specified. The municipal court shall fix the amount
of the bond and shall approve the same and where cash or properly
certified checks or drafts for full amount of such bond is deposited
with said court, the same shall be accepted in lieu thereof. Appeals
from judgments for violations of ordinances of cities or towns or
other municipalities shall be taken only to the criminal court: Pro-
vided, that this section shall not take effect until January 1, 1970,
and shall not affect appeals perfected before said date: Provided,
further, that when a case is tried in the criminal division of said
municipal court by the jury, and an appeal to criminal court is taken
from the judgment, the trial of said case in the criminal court shall
not be a trial de novo. Review shall be as provided above in crim-
inal cases. (Source: Acts 1925, c. 194, s. 11; as last amended by
Acts 1969, c. 323, s. 3)."

review" and that "[t]he tape or record of the evidence and of the entire proceedings, plus the papers, shall be forwarded to criminal court and shall be the vehicle of review." It does *not*, as does the replacing statute which became effective May 1, 1971, provide that the "manner and form" of the review should be the same, except as to briefs, "as an appeal to the Supreme Court of Indiana."[2] On the contrary, it expressly retains at least one feature reminiscent of the pre-existing trial-de-novo type appeal: The provision that "[n]ewly discovered evidence may also be introduced by either the state or defendant." Whether the defendant should be present when the appeal is "heard" in the reviewing court, the statute does not say, but the possibility that newly discovered evidence might be received would seem to be a good reason (though not the only reason) for the Criminal Court to follow the pre-existing practice in that respect. At any rate, there is nothing in this record, or in prior Supreme Court opinions[3] to indicate the Criminal Court practice (or custom) with respect to the presence of defendant and counsel at all proceedings was any different for "appeals" than for original actions, either before or after the change from de novo to review type appeals.

In the instant case, at the conclusion of the hearing on April 1, 1971, the judge announced from the bench that: "This matter is continued until one week from today, April 8th, nine thirty a.m." It was not until the case was again called on April 8th that the judge mentioned that the continuance was "for ruling." Whether, on April 1st when the continuance was announced, the participants understood that the continuance was for nothing but the court's announcement of his ruling, the record fails to disclose. Nor, in my opinion, is that im-

---

2. P. L. 1971, No. 433, §§ 5, 18.

3. Prior to January 1, 1972, all criminal appeals from the Criminal Court of Marion County were to the Supreme Court of Indiana. Among the appeals to that court involving the statute in question are: *Campbell* v. *State* (1971), 256 Ind. 630, 271 N. E. 2d 463, 26 Ind. Dec. 363; *Quinn* v. *State* (1972), 258 Ind. 399, 281 N. E. 2d 478, 30 Ind. Dec. 460.

portant. In no event was the court required to make a ruling on April 8, and in any event he had a right to expect that either the defendant or his attorney would be present to hear from the court what his ruling was; whether the appeal was to be finally decided on that date or whether further proceedings (possibly additional briefs, argument, or evidence) would be necessary, and how the final judgment was to be implemented in event the Municipal Court judgment was affirmed in whole or in part.

I cannot agree that the record here justifies the conclusion that defendant had done all he was required to do in the prosecution of his appeal; that there was no reason for him to be present in court (in person or by counsel) on April 8; and that it was error for the Criminal Court to treat his unexplained absence as an abandonment of the appeal.

Defendant's response to dismissal of his appeal merits attention. On April 16, 1971, defendant's attorney filed a "Motion to Reinstate Appeal" which, in pertinent part, reads:

"1. That the defendant was ordered to appear in this Court on April 1, 1971, and then again on April 7, 1971, at 2 p.m. [sic.]

"2. That defendant's counsel, Dean E. Richards, was not in the City from April 2nd through April 12, 1971, in that defendant's counsel was vacationing in the State of Florida and therefore, could not appear with defendant at said trial and further that the notice to appear on the appeal was sent to one David Martinett, 120 East Market Street, Room 933, Indianapolis, Indiana 46204, and that said post card was forwarded to defendant's attorney through the courtesy of Phil Melangton, Attorney at Law.

"3. That the petitioner, Sam Gregg, asks that this Appeal be reinstated and that he has a meritorious appeal and that the petitioner individually has not received any notice at anytime in this matter but has relied solely on his attorney to tell him that he should appear in Court and that his counsel did not tell him to appear in said Court on April 7, 1971." [sic.]

While I believe that the proper disposition in this court would be a simple affirmance of the Criminal Court's judgment, I do recognize the injustice of penalizing the defendant for his attorney's blithe flout of the court's order. Because the mandate for further proceedings places no restrictions on the court below, I concur in the result.

NOTE.—Reported in 286 N. E. 2d 692.