ALBERT M. DONATO *v.* DUTTON, KAPPES & OVERMAN.

[No. 472A189. Filed November 9, 1972. Rehearing denied December 14, 1972. Transfer denied March 21, 1973.]

*Robert E. Robinson,* of Indianapolis, for appellant.

*James V. Donadio, G. Daniel Kelley, Jr., C. B. Dutton, Allen Goldstein,* of Counsel *Ice, Miller, Donadio & Ryan,* of Indianapolis and *Dutton, Kappes & Overman,* of Indianapolis, for appellees.

ROBERTSON, P.J.—The defendant-appellant (Donato) is appealing a judgment of $2,613.50 obtained by the plaintiff-appellee (Kappes). The sum represents the reasonable value of legal services performed by Kappes for Donato.

Donato's Motion to Correct Errors raises two issues. The first is whether the statute creating the Marion County Municipal Court is unconstitutional. The second is whether the doctrine of res ipsa loquitur is applicable to Donato's counterclaim, which was based upon the theory of negligence in performing legal services. We are of the opinion neither presents reversible error.

The thrust of Donato's argument, regarding the constitutional question, is that the statute creating the court provides for a presiding judge. It is alleged the providing of "a judge to supervise a judge" is a denial of due process under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, § 12 of the Constitution of the State of Indiana.

IC 33-6-1-1 *et seq.* Ind. Ann. Stat. § 4-5801 *et seq.* (Burns 1972), provides for the creation of a municipal court in counties containing a city of the first class. The presiding judge is vested with certain duties and responsibilities pertaining to the management of the various courts within the system.

We detect two objections in Donato's argument. The pre-

siding judge is vested with more than mere administrative duties and there is no change of venue from the judges of the Marion County Municipal Court. However, Donato has not demonstrated how his rights were prejudiced by either of these objections.

The record discloses a stipulation by the parties that the court had jurisdiction. The record further discloses that Donato did not seek a change of venue from either the judge or county.

> "It is well settled that one cannot attack the constitutionality of a statute unless his rights are adversely affected. (Citing authorities)." *McCarthy* v. *McCarthy* (1971) 150 Ind. App. 640, 276 N.E.2d 891, at 894.

Moreover,

> ". . . One cannot claim error for an abstract violation of a constitutional right where he shows no injury. This court has frequently held that one must show injury before he can insist upon asserting a constitutional right. (Citing authorities)." *State ex rel. Haberkorn, et al.* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, at 294, 295, 241 N.E. 2d 62, at 69.

Donato has failed to show harm to himself in the instant case. He cannot, therefore, claim unconstitutionality pertaining to the statute relating to the creation of the Marion County Municipal Court.

Donato's counter-claim to Kappes' complaint alleged that Kappes was employed "to resolve a number of legal matters" which "he negligently failed to resolve." After a pre-trial conference, Donato amended his counter-claim to include the following:

> "That the facts connected with this action are unknown to the defendant and are within the knowledge of the opposing party; Consequently, defendant's theory in this Counterclaim is the doctrine of res ipsa loquitur."

Thereafter, the court granted summary judgment for Kappes and denied Donato's counter-claim.

Insofar as they relate to the issue of res ipsa loquitur the facts, as taken primarily from Donato's deposition, show that in October of 1966, Donato, a physician, was in the process of obtaining sole ownership of a business known as Utility Marine, Inc., in which he had been a partner for a number of years. Since its incorporation in 1960, Utility, as well as a predecessor company, had failed to show a profit, and it was in this regard that the legal services of Kappes were sought. Kappes was employed in October of 1966, for the purpose of advising Donato, upon taking over the entire business, as to how to improve the economic situation of Utility. The nature of the employment consisted primarily of advising Donato on legal matters relating to the business, including the transfer of stock from the former partner to Donato, and recommending and engaging an accounting firm to audit Utility's books. Kappes was not a director, officer, or stockholder of Utility, and he "was not employed to run the business." The daily operation of the business was the responsibility of a manager who was hired by and directly responsible to Donato. Kappes was not expected to visit the business on a regular basis, nor was he expected to attend meetings of the board consisting of Donato, his son, his son-in-law, and the manager, which met regularly to consider matters relating to the management and control of the business.

No further legal services were requested of Kappes after October, 1967, and in March of 1968, Utility Marine ceased operations. At the time the business closed, Donato had suffered a loss of $81,000 of which, it was alleged in the counter-claim, $75,000 was the result of Kappes' negligence. According to Donato's deposition, Kappes was negligent in failing to see that the accountant which he engaged did his work, and specifically so in respect to providing Donato with profit and loss statements.

We conclude that the trial judge correctly disposed of Donato's counter-claim. As can be seen from the facts, the

necessary element of control is absent, thereby caus- the complete collapse of any recovery on the theory of res ipsa loquitur. As was held in the case of *Evansville American Legion etc.* v. *White* (1958), 239 Ind. 138, 154 N.E.2d 109:

"The doctrine of res ipsa loquitur is based to a large extent upon the ground that the evidence or facts concerning the operation of the injuring agency are within the special knowledge and control of the defendant and the injured party does not have free access to such information. Such is not the case here. New York, Chicago & St. L. R. Co. v. Henderson, 1957, 237 Ind. 456, 146 N.E.2d 531; Hook v. National Brick Co., 7 Cir., 1945, 150 F. 2d 184; 3 Cooley on Torts, 4th Ed., Sec. 480." 154 N.E.2d at 111.

See also: *Henley* v. *Nu-Gas Co.* (1971), 149 Ind. App. 307, 271 N.E.2d 741.

We do not fault Donato's argument that the doctrine of res ipsa loquitur is as applicable in a case involving an attorney as it is in cases dealing with physicians and surgeons. However, the facts of the case must show the existence of all of the essential elements of the doctrine in order for a plaintiff (counter-claimant in the instant case) to avail himself of it.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 288 N.E.2d 795.