### ERIC ALLEN KING *v*. STATE OF INDIANA.

[No. 1-1273A214. Filed April 23, 1974.]

*O. H. Roberts, Jr.*, of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. Mc-Master,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged in the Vanderburgh Circuit Court by an affidavit in two counts charging him in Count 1 with the physical infliction of an injury with a deadly weapon while engaged in a robbery and in Count 2 with armed robbery.

Appellant appeared in person and by attorney and entered a plea of not guilty and filed his written notice of intention to prove alibi.

The cause was submitted to a jury for trial and after due deliberation the jury returned into open court a verdict of guilty of robbery as included in Count 1 and a verdict of guilty of assault and battery as included in Count 1, and did not return any verdict on Count 2 of the affidavit.

The court immediately directed the jury to return to the jury room to deliberate further and reach a verdict on the offenses as charged in both Counts 1 and 2 of the affidavit.

The jury, following this admonition from the court, returned to the jury room and later returned with corrected verdicts, finding the defendant guilty of assault and battery with intent to commit a felony as included in Count 1 and guilty of robbery as included in Count 2 of the affidavit.

After a pre-sentence investigation the court sentenced the defendant under each count of the affidavit and granted an appeal from the judgment in *forma pauperis.*

Appellant timely filed his motion to correct errors which was overruled by the court.

The facts most favorable to the State disclose that between the hours of 4:30 and 5:00 o'clock A.M. on October 1, 1972, one William Bell was returning to his home in Evansville, Indiana, when he observed the defendant sitting in a parked car. As Mr. Bell walked past the parked car the defendant-appellant approached Mr. Bell, brandishing a revolver and demanded that Mr. Bell remain quiet.

Appellant struck Mr. Bell about the face and head with the weapon held in his hand before taking from Mr. Bell his billfold containing $6.00 and some personal papers. Appellant continued to administer several more blows to Mr. Bell, and Mr. Bell was able to push him against a fence, at which time appellant's hat fell from his head in the nearby shrubbery as appellant fled on foot. Mr. Bell continued to his home, notified the police of the robbery and was escorted to the hospital by the city police for X-rays and treatment of the lacerations.

Mr. Bell accompanied police officers from the hospital to the police station where he identified a photograph of the appellant as his assailant. He further identified him in open court. Mr. Bell also testified that he was familiar with the appellant and had seen him about midnight of September 30, 1972, at a tavern referred to by one of the parties as Young Kitty Kat and the other as the Kitty Kat Klub, in Evansville.

Appellant's motion to correct errors is composed of five specifications; however, he has not set forth in the argument section of his brief any argument as to specifications 1, 3, and 5, and they will not be discussed, under authority of Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

Appellant contends that the trial court improperly ordered the jury to return to the jury room to correct its verdicts on the separate counts of the affidavit, and that the action of the court in returning the verdicts to the jury for reconsideration was an error of law and violated the constitutional rights of the appellant. Appellant further contends that the trial court's action emphasized that there must be some kind of conviction of a crime or crimes coming out of the deliberations in the jury room when they were ordered returned for further deliberations.

The trial court in sending the jury back to correctly complete its job and return a verdict on each count of the affidavit, made the following statement and admonition to the jury, as

evidenced by the court's minutes which are in the words and figures as follows, to-wit:

> ". . . and the court directed the jury to return to the Jury Room and to reach a verdict on the offenses as charged in both Counts 1 and 2 of the affidavits. . . ."

We therefore hold that appellant's contention that the court emphasized a conviction is unfounded and without merit, as the court did what it was required to do under this kind of circumstance and ordered the jury returned to the jury room to arrive at a verdict on each count of the affidavit. The verdict could well have been "not guilty" as "guilty" on one or both counts under the court's admonition. We are unable to find where such action of the court violated appellant's constitutional rights. *Donato* v. *Dutton, Kappas & Overman* (1972), 154 Ind. App. 17, 288 N.E.2d 795.

The law is well settled that the court, upon motion of the parties or upon its own motion, may send a jury back for further deliberations when the jury's verdict is defective in substance or in form.

Our Supreme Court held, in the case of *Patton* v. *State* (1971), 257 Ind. 421, 275 N.E.2d 794, 796, as follows:

> ". . . If a jury's verdict is defective in substance it is the trial court's duty to have the verdict amended before its members separate. . . .
>
> * * *
>
> . . . Upon review this Court stated that when the trial court notices a defect in the verdict before the jury is discharged, it may order the jury to retire and correct its error. . . ."

In the case of *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, 543, our Supreme Court stated as follows:

> ". . . It has further been noted that if the jury is instructed to correct its verdict, it has the power and right to change the whole verdict and bring in an entirely different one. . . ."

See, also, *Kirkland* v. *State* (1956), 235 Ind. 450, 134 N.E.2d 223; *Burnett* v. *State* (1954), 233 Ind. 651, 122 N.E.2d

468; *Pehlman* v. *State* (1888), 115 Ind. 131, 17 N.E. 270; and *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N.E.2d 697.

It is our opinion that the trial judge acted properly and did not violate any rights of the appellant. It is not within the realm of straight thinking to believe that where a jury of laymen erred in executing a verdict or erred in drafting a verdict of their own and returned the same into open court that the trial court would be precluded from calling their attention to the error and sending them back to correct the same prior to their being dismissed. To permit that would be to cause endless numbers of retrials at great expense to the taxpayers.

Appellant next contends that the evidence is insufficient to sustain the verdict. Under this contention the first specification is that the State of Indiana did not meet its burden of proof in that it failed to prove the appellant was *not* at his mother's home in bed after the hour of midnight on September 30, 1972, until after the hour of the robbery of Mr. Bell, as testified to by the appellant.

There is evidence of two of appellant's friends that they did not see him after midnight of September 30, 1972, but there is no evidence that they knew where he was at that time.

In the case of *Cottingham* v. *State* (1973), 261 Ind. 346, 303 N.E.2d 268, Chief Justice of Indiana Arterburn of our Supreme Court discussed a problem similar to that with which we are confronted here as follows:

> ". . . Appellant's argument is that his introduction of alibi evidence puts a burden upon the State to rebut, beyond a reasonable doubt, the alibi. Appellant is mistaken. Alibi evidence is itself rebuttal evidence as to the State's evidence. The State is not required to rebut specifically such evidence if there is sufficient evidence otherwise to prove the crime as charged. [Cases cited omitted.] The trier of fact is not required to believe an alibi witness any more than it must believe any witness. Whether or not the presentation of an alibi is sufficient to raise a reasonable doubt as to a defendant's guilt is a

question of fact for the judge or jury. [Cases cited omitted.]

On appeal this Court does not weigh the evidence nor do we judge the credibility of witnesses. If there is probative evidence to support proof of each element of the crime charged, we must affirm the judgment of the trial court. . . ."

We have examined the evidence and find there was positive identification of the appellant; the jury saw and observed the witnesses and determined their credibility, and there is probative evidence to support proof of each element of the crimes charged and we must affirm the judgment of the trial court. *Cottingham* v. *State, supra.*

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 310 N.E.2d 77.