MARY L. SHIGLEY *v.* JESSIE WHITLOCK.

[No. 1-973A166. Filed April 29, 1974.]

*Sam Blue, Stephen E. McIlwain, McNutt, Hurt & Blue,* of Martinsville, for appellant.

*William H. Wehrle,* of Martinsville, *Frank E. Spencer,* of Indianapolis, for appellee.

LOWDERMILK, J.—Plaintiff-appellee Whitlock brought his action to quiet the title to certain real estate which had been owned by the defendant Eleanor A. Bowman, who had, while such owner, executed her mortgage on said real estate to Mary L. Shigley, defendant-appellant herein. Appellant was made party-defendant as the lien of her mortgage, which had not been paid, was a cloud on the title to appellee's real estate. Trial was to the court, which after hearing the evidence, granted judgment for the plaintiff-appellee, decreeing that he was the owner of said real estate and that appellant's claim thereto was without right and unfounded and that plaintiff's title was thereby quieted.

Appellant Shigley timely filed her motion to correct errors which was by the court overruled.

The real estate in question was originally owned by co-defendant Bowman, who had, in 1961, given a mortgage on said real estate to Shigley. The record discloses that the mortgage had not been released and a sum was due and owing thereon. In 1969 the property was offered for tax sale for delinquent taxes. At the sale the property was purchased by appellee Whitlock, who was issued a tax deed in 1971.

An attempt was made to give Bowman notice of the tax sale, including her right to redeem.

In her motion to correct errors Shigley contends that the decision of the trial court in quieting title in favor of Whitlock was contrary to law in that said decision violated the Constitution of the State of Indiana and the Fourteenth Amendment to the Constitution of the United States. Shigley contends that her property was taken without due process.

Shigley further urges that the court erred in its finding and judgment quieting the title to the described real estate in that the same was contrary to the evidence, as the evidence failed to prove that Shigley actually received notice of the tax sale and issuance of a tax deed, and that the lack of notice rendered the tax sale and the issuance of the tax deed constitutionally defective.

Shigley's reason for her contentions of unconstitutionality is that the statute does not require that a lienholder be given notice of a tax sale and the accompanying right of redemption. The statute provides that any owner, occupant, lienholder or any other person having an interest in the real property which is sold at a tax sale may redeem within two years after the sale and prior to the issuance of a tax deed. The statute further requires that notice be given to the owner or owners of the property listed for sale.

Shigley contends that a mortgage, although it is merely security for a debt, does constitute an interest in real estate and that since she has a legal interest in the property that she is entitled to notice that said property interest will be extinguished.

It is a fundamental rule that the burden rests on the appellant to demonstrate reversible error by the record. Before the issue of the constitutionality of the statute can be examined, we must first discover whether the rights of the appellant have been violated. The basis then for this appeal must lie in whether Shigley was in fact given notice.

In *Saloom* v. *Holder* (1973), 158 Ind. App. 177, 304 N.E.2d 217, Judge Buchanan of this court stated:

> "Constitutional questions will not be decided unless absolutely necessary to a determination of the merits of the case. . . ."

The record in this case, in our opinion, is insufficient for a determination of whether or not Shigley received actual notice of the tax sale and of the issuance of the tax deed. Shigley, in her praecipe, apparently deemed it necessary to bring only a portion of the evidence adduced at trial into the transcript. In oral argument Shigley stated that she relied on Ind. Rules of Procedure, Appellate Rule 7.2(B) and admitted that only a portion of the evidence adduced at trial was included in the transcript, that being such evidence that Shigley believed to be pertinent. Thus, we are able to examine only the testimony which is in the transcript presented to this court and such testimony is not a complete record of all of the evidence given at trial. There is evidence in the transcript before us of the Auditor of Morgan County, who testified that he did not have any way of knowing whether Mrs. Shigley was given actual notice, and that he did not give notice to lienholders since he understood that the statute did not require that notice be given to anyone other than the owner. The only other evidence in the transcript relating to notice was the testimony of Shigley herself. She was asked the following question and gave the following answer:

> "Q. And you received no notice of any tax sale or anything about the veracity of — ?
> A. I received no letters of any kind."

It is obvious that Mrs. Shigley did not testify that she received no actual notice. Her testimony is limited to the fact that she received no letters.

Error, to be properly reviewed, must be disclosed by the record. *State* v. *Maplewood Heights Corp.* (1973), 261 Ind. 305, 302 N.E.2d 782.

If the evidence in the record before the court is not suffi-

cient to disclose that the appellant was prejudiced, then this court cannot assume such prejudice. *Gregg* v. *State* (1972), 153 Ind. App. 206, 286 N.E.2d 692. The appellant has an affirmative duty to bring a proper record to the court and we cannot consider matters not contained in the record. *Kujaca* v. *Kujaca* (1973), 159 Ind. App. 8, 304 N.E.2d 870.

This court held, in the case of *Stalker et al.* v. *Baptist Church etc. et al.* (1963), 135 Ind. App. 117, 120, 190 N.E.2d 426 as follows:

> "Under the foregoing authority, we are of the opinion that it was incumbent upon the appellants to include all the evidence given in said cause in the record together with a concise statement thereof in his brief. Without such evidence, we are unable to determine whether or not he was entitled to a verdict or a judgment or whether such verdict or judgment was denied him, thereby making the same contrary to law. Nor, are we able to determine or consider the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom."

It is impossible for this court to say whether Mrs. Shigley did or did not receive actual notice. The record before us is not determinative of this question and this court has no way of knowing whether the other evidence at trial would show whether or not Mrs. Shigley received actual notice.

Assuming arguendo the validity of Shigley's constitutional argument, the burden of proof would be on Whitlock to show that actual notice was given, but unless we have all of the evidence we cannot say that said burden was not met.

If Shigley did receive actual notice of the tax sale and the issuance of the deed, then she would have no standing to test the constitutionality of the statute in question, since no prejudice would have been shown and her constitutional rights would not have been violated. *McCarthy* v. *McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891; *Donato* v. *Dutton, Kappes & Overman* (1972), 154 Ind. App. 17, 288 N.E.2d 795.

Thus, Shigley's argument that the decision is contrary to

the evidence cannot prevail since all of the evidence is not before us. The evidentiary argument being of no avail necessarily means that this court need not decide the specification charging that the decision was contrary to law due to a constitutional infirmity.

For the above stated reasons, the decision of the trial court is hereby affirmed.

Hoffman, C.J. and Robertson, P.J., concur.

NOTE.—Reported at 310 N.E.2d 93.