The INDIANA STATE BOARD OF TAX COMMISSIONERS, Appellant (Defendant Below),

v.

Joseph BROWN, Auditor of Warrick County; Paul Houston, Assessor of Warrick County; and Charles Ashby, Treasurer of Warrick County, Appellees (Plaintiffs Below).

No. 1–580A126.

Court of Appeals of Indiana, First District.

Oct. 16, 1980.

Theo. L. Sendak, Atty. Gen., Jeffrey L. Hunter, Deputy Atty. Gen., Indianapolis, for appellant.

Phillips & Long, P. C., Boonville, for appellees.

ROBERTSON, Presiding Judge.

This is an appeal from the granting of a preliminary injunction by the Warrick County Superior Court restraining the State Board of Tax Commissioners (Board) from taking any further action in equalization of property tax assessment until the Board grants a new hearing with a new hearing officer.

We reverse.

The facts briefly stated are that the Warrick County Board of Review reduced certain assessments in the county by thirty percent. Pursuant to Ind. Code 6–1.1–14–4,[1] the Board gave notice of a hearing to consider modification of this assessment, said hearing was heard by hearing officer

1. IC 6 -1.1 -14 4 reads:

The state board of tax commissioners shall review the assessments of all tangible property made by the various counties of this state. If the board determines that the assessment of a county appears to be improper, the board shall mail a certified notice to the auditor of the county informing him of the board's determination to consider the modification of that county's assessment. The notice shall state whether the modification to be considered is related to real property, personal property, or both. The notice shall also state a day, at least ten [10] days after the

**1206**

Raymond Audrey.[2] Audrey filed his recommendations and the Board issued an order equalizing the assessment of property in Warrick County. Pursuant to IC 6–1.1–14–7, a "petition for review of the order" was filed by taxpayers affected by the Board's order.[3]

A second hearing was held, again conducted by Raymond Audrey. No complaint at the time of the hearing can be found in the record regarding the hearing officer.

Before the Board could issue its second order pursuant to IC 6–1.1–14–8, the taxpayers obtained the injunction described above.

The basis of the trial court's ruling can be found in finding number six:

6. That the hearing provided to plaintiffs did not comport with due process of law as guaranteed to the citizens of the State of Indiana by Article 1, Section 12 of the Constitution of the State of Indiana, in that the fact finding process was not free of suspicion or appearance of impropriety because the same hearing officer who sat at the initial hearing could not reasonably be expected to alter or otherwise contradict his earlier recommendations to the State Board of Tax Commissioners.

■ We disagree with the trial court. According to the statutes, the hearing officer is delegated the duty to conduct the hearing and then to submit a written report of his findings and recommendations to the Board. It is the Board which either accepts the recommendation or not. IC 6–1.1–14–7 allows taxpayers, who may or may not have been part of the first hearing, the opportunity to present their views to a hearing officer, who again represents the same Board. Again, it is the *Board* who "may affirm, modify or set aside its equalization order," albeit upon the recommendation of the hearing officer. IC 6–1.1–14–8. The second hearing, then, is in the nature of a reconsideration, rather than a review by an independent body. It would be curious to hold that the statutes mandate review by the same body, but that due process would require a new hearing officer, who merely represents this body.

■ We also do not think that the fact a hearing officer has made a previous recommendation on a case rises to the level of bias per se. It has been held that a hearing examiner who has recommended findings of fact after rejecting certain evidence as not being probative was not disqualified to preside at further hearings that were required when reviewing courts held that the evidence had been erroneously excluded. *NLRB v. Donnelly Garment Co.*, (1947) 330 U.S. 219, 67 S.Ct. 756, 91 L.Ed. 854. We see no decisive distinction in the case at hand.

Judgment reversed.

NEAL and RATLIFF, JJ., concur.

---

day the notice is mailed, when a hearing on the assessment will be held. In addition to the notice to the county auditor, the board shall give the notice, if any, required under section 9(a) [6 1.1-14-9(a)] of this chapter.

2. Authority for the use of hearing officers is provided by IC 6-1.1 30-11. IC 6–1.1–30-12 provides in relevant part:

hearing officer shall submit a written report of his findings to the state board of tax commissioners. After reviewing the report, the board may take additional evidence or hold additional hearings. The board shall base its final decision on the report, any additional evidence taken by the board, and any records that the board considers relevant.

3. IC 6 1.1 -14 -7 reads:

Ten [10] or more taxpayers who are affected by an equalization order issued under section 5 [6-1.1 -14-5] of this chapter may file a petition for review of the order with the auditor of the county to which the equalization order is issued. The petition must be filed within ten [10] days after the certification of the order. The petition shall set forth, in the form and detail prescribed by the state board of tax commissioners, the taxpayers' objections to the equalization order.