**William DELL, Appellant–Plaintiff,**

**v.**

**The CITY OF TIPTON, Indiana, Appellee–Defendant.**

No. 80A05–9210–CV–365.

Court of Appeals of Indiana, Fifth District.

Aug. 10, 1993.

Transfer Denied Oct. 7, 1993.

John C. Ruckelshaus, M. Elizabeth Bemis, Ruckelshaus Roland Hasbrook & O'Connor, Indianapolis, for appellant-plaintiff.

John R. Maley, Barnes & Thornburg, Indianapolis, for appellee-defendant.

## OPINION UPON REHEARING

SHARPNACK, Chief Judge.

William Dell having petitioned for rehearing and having considered his petition, we vacate our earlier opinion handed down June 16, 1993, and substitute this opinion.

William Dell appeals the judgment of the Tipton Circuit Court that affirmed the decision of the Tipton Board of Public Works and Safety that had dismissed Dell from his employment as an officer with the Tipton City Police Department. We affirm.

Although Dell's brief purports to raise two issues, our consideration of the case leads us to the conclusion that his appeal involves but one issue, which we restate as follows:

Does the constitutional guarantee of due process of law prohibit an administrative body that has once decided an issue against a party from again deciding the issue after the first decision has been overturned by an appellate tribunal?

Before we address the substantive issue raised by Dell, however, we must first consider two preliminary issues raised by the board:

1. Should this appeal be dismissed for mootness because Dell plead guilty to shoplifting following the initiation of the appeal?

2. Is Dell's appeal barred by the doctrine of judicial estoppel?

The following are the facts most favorable to the judgment of the circuit court. Dell was a police officer with the Tipton City Police Department (TCPD). On January 3, 1992, Dell was shopping in the Wisher Foods store in Tipton. Because of complaints that Dell had shoplifted from the store on other occasions, the manager of the store kept Dell under observation. Eventually, the manager saw Dell put a can of coffee in his coat. The manager had a store employee call the police. Dell paid for some groceries at the check out counter. He did not, however, pay for the coffee that he had secreted in his coat. After he had completed his purchases, Dell left the store.

After Dell left the store, he was stopped by a deputy sheriff who had been dispatched to the scene in response to the call from the Wisher Foods employee. The manager had informed the deputy that Dell had taken the coffee from the store without paying, and the deputy accordingly asked Dell if he had any coffee or other items on his person for which he had forgotten to pay. When Dell replied that he did not have any items for which he had not paid, the deputy asked to search him. While patting down Dell, the deputy felt a hard rectangular object. Dell claimed that he did not know what the item was. Dell then pulled out the object, which turned out to be a can of Swiss Mocha coffee. Dell claimed that the coffee must have fallen into his shirt. The deputy arrested Dell for shoplifting, and conducted a search incident to the arrest. This search turned up two unopened cans of Skoal chewing tobacco. Dell did not have a cash register receipt for the coffee or the tobacco.

On the day of the arrest, the Tipton Circuit Court held a probable cause hearing at which the court found probable cause for the arrest. During a recess in this hearing, Dell told Sergeant Gordon Burris of the TCPD that he had stolen the coffee and tobacco.

The state filed an information charging Dell with criminal conversion on January 6, 1992. On the same day, Tipton mayor David Berkemier called a special meeting of the board to discuss possible disciplinary action in Dell's case. This meeting was to be held on January 8. Dell received personal notice of the hearing on January 6. The notice specified that he was being charged with conduct unbecoming an officer.

Dell requested that the hearing be continued, but the board convened on January 8 to consider his case. Dell appeared at the hearing but refused to participate in the proceedings. He left after stating his reasons for refusing to participate.

The board continued with the hearing in Dell's absence. The board heard testimony and found that Dell had taken the items from Wisher Foods and, therefore, that he had committed conduct unbecoming an officer as provided by Ind.Code § 36–8–3–4. On the basis of these findings, the board voted to discharge Dell.

Dell appealed his discharge to the Tipton Circuit Court. In the appeal to the circuit court, Dell argued that the board had violated his right to due process of the law by denying his request for a continuance. The court found that the board's denial of a continuance did infringe on Dell's due process rights. The court therefore reversed Dell's discharge, ordered his pay and benefits to be restored, and ordered that the board conduct proceedings consistent with the circuit court decision.

Pursuant to the court's order, the board scheduled a new hearing for April 29, 1992. On April 17, Dell received personal service of the notice of this hearing. Dell appeared at the second hearing with his attorney, Leo Blackwell. Dell alleged that the board was biased against him and moved to dismiss the proceedings against him. At this hearing, Dell made no attempt to present any evidence that the board was biased. Instead, Dell's attorney stated that Dell would refuse to participate in the hearing if the matter were not dismissed.

The city attorney then advised the board of his views on the board's authority to hear the case under the circumstances at hand. Upon hearing from the city attorney that Dell's attorney had offered no authority to support the contention that the board was required to dismiss the matter due to alleged bias, and upon learning from the city attorney that the board was the only adjudicative body empowered to discipline Dell, the board denied the motion to dismiss. Dell and his attorney then left the hearing.

After Dell departed, the board went forward with the evidentiary portion of the hearing. The board again heard the testimony of the Wisher Foods manager, the arresting deputy, and other witnesses who testified as to the shoplifting incident and subsequent arrest. Following the testimony, the city attorney informed the members of the board that they had to decide wheth-

er to discharge Dell on the basis of the evidence presented at that hearing.

On the basis of the evidence and the comments of the city attorney, the board found Dell guilty of conduct unbecoming an officer. The board then discharged Dell as of April 29, 1992. Dell again appealed to the Tipton Circuit Court; in this appeal, he asserted that the board was biased and should not have reheard his case. The court rejected this second appeal, and Dell appealed to this court. Following the initiation of this appeal, Dell plead guilty to shoplifting, and judgment was entered on his plea.

■ We first deal with the question of whether this appeal has been rendered moot by Dell's guilty plea and the judgment of conviction entered thereupon. An appeal becomes moot when:

"1. it is no longer 'live' or when the parties lack a legally cognizable interest in the outcome;

2. the principal questions in issue have ceased to be matters of real controversy between the parties; or

3. the court on appeal is unable to render effective relief upon an issue."

*Roark v. Roark* (1990), Ind.App., 551 N.E.2d 865, 867 (citing *Haggerty v. Bloomington Board of Public Safety* (1985), Ind. App., 474 N.E.2d 114, 115–116). Our courts decide only real questions and controversies, and this court will dismiss appeals which attempt to raise moot or abstract propositions. *Roark*, 551 N.E.2d at 867.

■ The board asserts that this appeal is moot because Dell's guilty plea and the judgment entered thereupon constituted an independent ground sufficient to justify Dell's discharge.[1] Thus the board argues that a decision in this court favorable to Dell would not benefit Dell because he would be discharged from the police force on the basis of this independent ground.

Dell responds that the case is not moot because the board would have to conduct a hearing on this new ground and because his appeal is premised on the theory that the board is biased and should not be allowed to take any further action on his case.

Dell's argument on the mootness issue is premised on the proposition that the board would be required under the provisions of I.C. § 36–8–3–4(b) to hold a hearing before discharging him for his misdemeanor conviction. This section provides:

"Except as provided in subsection (m), a member of the police or fire department holds office or grade *until the member is dismissed or demoted by the safety board. A member may be disciplined* by demotion, dismissal, reprimand, forfeiture, or suspension upon either:

(1) Conviction in any court of any crime; or

(2) A finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:"

(emphasis added). The section then lists various types of conduct—including conduct unbecoming an officer—for which an officer may be disciplined.

■ The section clearly states that a member of the police force holds office until dismissed by the safety board. In addition, the plain wording of the statute provides that the board may take disciplinary action against an errant officer. It does not require that the board take such action, and thus leaves the matter of discipline to the discretion of the board. The statute thus contemplates that the board must meet in order to exercise its discretion in all disciplinary cases, including those cases where the officer has been convicted of a crime.

---

1. The guilty plea and judgment of conviction are not included in the record submitted in this appeal. Normally, this court may not review matters not contained in the record of proceedings below. *Zapfe v. Srbeny* (1992), Ind.App., 587 N.E.2d 177, 180; *Shigley v. Whitlock* (1974),

160 Ind.App. 78, 81, 310 N.E.2d 93, 95. However, we may receive proof outside of the record in order to determine whether an appeal is moot. *Kieselbach v. Feuer* (1915), 183 Ind. 582, 584, 109 N.E. 842, 843.

■ The court of appeals has, on several occasions, held that this statute—or its predecessor—requires that the board conduct a hearing before taking disciplinary action against a member of a police or fire department. *See, e.g., Keith v. Town of Long Beach* (1989), Ind.App., 536 N.E.2d 552; *City of Terre Haute v. Brighton* (1983), Ind.App., 450 N.E.2d 1039. The statute grants police officers and fire fighters protected property interests both in continued employment and enjoyment of a particular rank. *Brighton*, 450 N.E.2d at 1041. Where an officer's property right to continued employment is endangered, the administrative agency charged with determining whether to discipline the officer need not afford the officer all of the procedural safeguards found in a proceeding before a court. *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 676, 310 N.E.2d 65, 68. However, the administrative body is required to enforce standards of due process that are at "the highest level that is workable under the circumstances." *Id.*

■ In this case, then, the board would be required to meet in order to discharge Dell even if the ground for discharge was his conviction of a crime. Dell's appeal is therefore not moot because the appeal is a challenge to the board's ability to hear any disciplinary matter against him stemming from the Wisher Foods incident. We may not dismiss the appeal on this ground.

The board next argues that this appeal is barred by the doctrine of judicial estoppel because Dell plead guilty to shoplifting in the criminal prosecution. The board asserts that the disciplinary proceeding and the criminal case hinged on the same issue: did Dell take items from Wisher Foods without paying for them? The board asserts that Dell may not take inconsistent positions on this issue in successive cases and that Dell is therefore judicially estopped from pursuing his appeal here. Dell responds that there is no estoppel be-

cause the board did not discharge him because of the shoplifting conviction. Because it did not do so, he has not argued on appeal that he did not shoplift, and, accordingly, has not taken a position inconsistent with that which he assumed in the criminal case.

■ We hold that Dell is not estopped from pursuing this appeal. It is true that the appellate courts of this state have long recognized a party should be estopped from "assum[ing] successive positions in the same litigation with respect to the same fact or set of facts which are inconsistent and mutually contradictory." *Gregory and Appel, Inc. v. Duck* (1984), Ind.App., 459 N.E.2d 46, 50 (citing *Royal Insurance Co. v. Stewart* (1921), 190 Ind. 444, 457–458, 129 N.E. 853, 857). Dell is not, however, attempting to assert in this appeal any position contrary to that which he adopted in pleading guilty to shoplifting. Before this court Dell argues that the board did not have the right to rehear his case after the Tipton Circuit Court reversed the board's first decision discharging Dell. He takes no position on the question of whether he actually took the items from Wisher Foods, and he is not estopped from pursuing this appeal.

■ We last turn to the substance of this appeal. Dell claims, without citation to any precedent to support his contention, that the board violated his constitutional right to due process of law by rehearing the disciplinary case against him after the Tipton Circuit Court overturned the board's first decision to discharge him.[2] In essence, Dell argues that the board's first decision rendered the board biased against him as a matter of law and that the board's bias denied him a fair hearing. This argument finds no support either in the precedent of the federal courts or in the precedent of our state courts.

*Board of Regents v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Vukadinovich v. Board of School Trustees* (7th Cir.1992), 978 F.2d 403.

---

**2.** The right to due process of law in connection with discharge from employment in cases where the employee has a property interest in continued employment is guaranteed by the federal constitution. U.S. Const. amend. XIV; *see*

The United States Supreme Court has held that the right to due process of law encompasses the right to have one's cause determined by an unbiased decision maker in either a judicial or an administrative forum. *Withrow v. Larkin* (1975), 421 U.S. 35, 46–47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723.[3] Despite the claims made in Dell's argument, however, no case has held that a decision maker is biased so as to deny a party due process merely because the decision maker has once decided the issue against the party. The federal courts, and at least one Indiana court, have in fact stated that an adjudicative body does not violate the constitutional guarantee of due process of law by hearing a matter in which it had previously rendered a decision unfavorable to one of the parties. *Withrow*, 421 U.S. at 48–49, 95 S.Ct. at 1465, 43 L.Ed.2d at 724; *Federal Trade Commission v. Cement Institute* (1948), 333 U.S. 683, 702–703, 68 S.Ct. 793, 804, 92 L.Ed. 1010, 1035, *rehearing denied*, 334 U.S. 839, 68 S.Ct. 1492, 92 L.Ed. 1764; *State Board of Tax Commissioners v. Brown* (1980), Ind.App., 410 N.E.2d 1205, 1206; *see also Pangburn v. Civil Aeronautics Board* (1st Cir.1962), 311 F.2d 349, 357–358. Thus, the fact that an administrative body has once heard a case does not render the body biased and unable to rehear the case. In order to prove that the administrative agency cannot constitutionally rehear the case, the party challenging the agency's right to hear it must show actual bias.

Here the board conducted a hearing on Dell's motion to dismiss, but he did not take the opportunity to present evidence to demonstrate that the board was biased. Dell chose not to avail himself of the opportunity. In the absence of such a showing, the Due Process Clause of the Constitution did not bar the board from rehearing the case. The circuit court therefore committed no error in affirming the board's decision, and Dell has not shown this court any ground for reversing the circuit court. We therefore affirm the decision of that court.

**AFFIRMED.**

BARTEAU and HOFFMAN, JJ., concur.

---

3. Bias which implicates a due process violation may be shown, for example, where the decision maker has a pecuniary interest in the outcome of the case or where the decision maker has been the subject of personal abuse or criticism levelled by a party before him. *Withrow*, 421 U.S. at 47, 95 S.Ct. at 1464, 43 L.Ed.2d at 723 (*and see* cases cited in *Withrow* at footnotes 14 and 15).