**Samuel M. ZECKEL, Appellant–Defendant,**

v.

**Donald G. PASKINS, Appellee–Plaintiff.**

**No. 06A01–9304–CV–120.**

Court of Appeals of Indiana, First District.

Dec. 21, 1993.

Rehearing Denied Jan. 28, 1994.

Steven K. Huffer, Mitchell Hurst Jacobs & Dick, Indianapolis, for appellant-defendant.

David Bikoff, Indianapolis, Bruce A. Boje, Richards, Boje & Pickering, Noblesville, for appellee-plaintiff.

BAKER, Judge.

In this case we examine the scope of a trial court's authority to confirm an arbitration award. Appellant-defendant Samuel M. Zeckel challenges the trial court's judgment allowing appellee-plaintiff Donald G. Paskins to continue a business which the parties formerly operated as a partnership before the arbitrator ordered it dissolved.

## ISSUES

We restate and consolidate the issues on appeal:

1. Did the trial court exceed its scope of authority to confirm the arbitration award by allowing Paskins to continue the business after dissolution?

2. Did the trial court err in ordering an appraisal and installment payments for Zeckel's partnership interest and fail to order Zeckel's indemnity from Deer–Pass liabilities?

## FACTS

On May 1, 1990, Paskins and Zeckel formed a real estate partnership, becoming equal partners in Deer–Pass. Deer–Pass

purchased, managed, and sold real property in Indianapolis. During the short-lived partnership, Zeckel interfered with the partnership business, denied Paskins access to Deer–Pass books and records, exerted unauthorized control over partnership assets, and excluded Paskins from managing the business.

On July 30, 1991, Paskins filed suit against Zeckel seeking dissolution of Deer–Pass due to Zeckel's misconduct.[1] Pursuant to the partnership agreement, the trial court ordered the parties into arbitration in 1992. During arbitration, Zeckel claimed that Paskins' lawsuit wrongfully terminated the partnership agreement and necessitated dissolution. Zeckel argued that he was entitled to purchase Paskins' interest for $175,000, as provided by the terms of the partnership agreement. Conversely, Paskins contended at arbitration that Zeckel's misconduct required dissolution. Paskins averred that the value of Deer–Pass exceeded $400,000 and that an accounting should be made to determine his damages. Paskins requested dissolution of the partnership, winding up of the affairs, and liquidation according to Indiana law and the partnership agreement. Paskins specifically argued that § 4.1 of the partnership agreement provided for Deer–Pass' liquidation upon dissolution.

The arbitrator granted Paskins relief on November 10, 1992, finding Zeckel willfully breached the partnership agreement and that his conduct prejudicially affected the business such that dissolution was proper. The award provided that Deer–Pass be dissolved and its affairs wound up in accordance with the terms of the partnership agreement and Indiana law.

On December 3, 1992, Paskins requested the trial court to confirm the arbitration award. Paskins argued that liquidation was not prescribed by the arbitrator's order of dissolution, and that under Indiana

law he could elect to continue the business. Zeckel responded with a counter-petition for confirmation of the arbitration award arguing that liquidation was mandatory under the partnership agreement. Neither party sought modification, correction, or vacation of the award under IND.CODE 34–4–2–13 or –14 (1988).

After a confirmation hearing, the court entered its judgment confirming the arbitration decision in Paskins' favor. The trial court held that because the arbitrator found Zeckel wrongfully caused the dissolution, Zeckel could not force liquidation of the business. Rather, since Paskins was the non-breaching partner, he was entitled to continue the business pursuant to IND. CODE 23–4–1–38(2) (Supp.1993).

## DISCUSSION AND DECISION

### I. Dissolution

■ Both parties recognize the courts' extremely narrow review of arbitration awards. *See School City of East Chicago v. East Chicago Fed. of Teachers*, 622 N.E.2d 166, 168 (Ind.1993). Zeckel argues the trial court's judgment improperly exceeded the scope of confirming the award and granted Paskins relief beyond that of the arbitration award.[2] A trial court confirms an arbitration award by entering a judgment consistent with the award. *See* IND.CODE 34–4–2–12 (1988).

■ Zeckel asserts the arbitrator's award unambiguously requires liquidation of Deer–Pass. The award simply states: "That Deer–Pass be dissolved, and that its affairs be wound up in accordance with the terms of the Deer–Pass Partnership Agreement ... and in accordance with the laws of the State of Indiana." Record at 74. Zeckel argues that the trial court does not confirm the arbitration award ordering dissolution in accordance with the partnership

---

**1.** We note that the initial action involved three corporations besides the Deer–Pass partnership. Only the Deer–Pass partnership matters are presented on appeal. The remainder of the litigation is pending before the trial court.

**2.** Paskins initially attempts to dispel Zeckel's arguments by arguing Zeckel is barred from challenging the arbitration award because he did not file a timely motion to modify, correct, or vacate it. This contention fails because Zeckel does not challenge the award, but the trial court's enforcement of it.

agreement because the terms of the agreement require liquidation. § 4.1 of the agreement provides:

"In the event that the Partnership shall hereafter be dissolved for any reason whatsoever, a full and general account of its assets, liabilities and transactions shall be taken at once. Such assets may be sold and turned into cash as soon as possible and all debts and other amounts due the Partnership collected."

Record at 37. In support of his argument, Zeckel interprets "may be sold" as requiring liquidation upon any dissolution. We disagree. While § 4.1 mandates an accounting upon any dissolution, it permits liquidation, but does not require it.[3] In addition, the arbitrator cited both the partnership agreement and Indiana law as the means for effecting dissolution. Had the arbitrator determined that the partnership agreement required liquidation, he would not have added that the dissolution should be made in accordance with Indiana law. We do not regard the additional language to be mere surplusage.

At the December 1, 1993 appellate oral argument, Zeckel disagreed with the arbitrator's award regarding the applicability of Indiana law, claiming that the partnership agreement superseded the Uniform Partnership Act (UPA). Such argument is foreclosed here. Zeckel had two options: 1) he could have requested clarification of the award pursuant to IND.CODE 34-4-2-10 (1988), or 2) he could have presented the argument to the trial court in a timely petition for modification or vacation of the arbitration award.[4]

Even if Zeckel had properly pursued his argument that the partnership agreement here superseded the UPA's provision allowing the election to continue business, it would have been unsuccessful. If the partnership agreement were held to exclude the operation of I.C. 23-4-1-38(2), Paskins would suffer the loss of the business solely because of Zeckel's misconduct. Courts would not tolerate the injustice of placing the innocent partner seeking to continue the business at the mercy of the partner wrongfully causing dissolution. The right of the innocent partner to continue the business following a wrongful dissolution can supersede the terms of the partnership agreement. Galanti, 17 *Indiana Practice*, "Business Organizations" § 6.15, at 351 (1991) (citing *Pav–Saver Corp. v. Vasso Corp.*, 143 Ill.App.3d 1013, 97 Ill. Dec. 760, 493 N.E.2d 423 (1986)). The partner willfully violating the partnership agreement cannot expect otherwise.

Because we find the arbitration award unambiguous, complete, and enforceable, we summarily reject Zeckel's alternative argument that the trial court should have remanded for clarification of the award. *See Maine State Employees Ass'n v. State Dept. of Corrections*, 593 A.2d 650 (Me. 1991); *Hearst Corp. v. Swiss Bank Corp.*, 584 A.2d 655 (Me.1991).

The judgment is consistent with the arbitration award. *See* I.C. 34-4-2-12. The arbitrator found Zeckel wrongfully caused the dissolution and granted relief in Paskins' favor in accordance with the partnership agreement and Indiana law. The trial

---

**3.** Zeckel contends judicial estoppel prevents the continuation of the business, because he alleges that in Paskins' arbitration brief, he maintained liquidation was proper. *See Dell v. City of Tipton* (1993), Ind.App., 618 N.E.2d 1338, 1342, *trans. denied* (estoppel from assuming successive positions in the same litigation with respect to the same facts which are inconsistent and mutually contradictory). However, upon review of the arbitration brief and proceedings, we do not find Paskins maintained inconsistent positions. Paskins could seek liquidation or elect to continue the business.

**4.** Paskins presents other allegations to demonstrate Zeckel's misconduct is not innocent. He

asserts that upon losing his interest in Deer–Pass, Zeckel placed Deer–Pass in involuntary bankruptcy on May 20, 1993, in an effort to stay further proceedings in the instant matter and to obtain a favorable result in the bankruptcy court. Paskins continues that Zeckel's tactics were apparent and the bankruptcy court dismissed the involuntary petition. Although Paskins has provided copies of these collateral matters in an appendix brief, and Zeckel acknowledged the bankruptcy proceedings in his reply brief, the lack of evidence of the bankruptcy proceedings in the record precludes our consideration of this matter.

**1288** 

court correctly confirmed the arbitrator's award in accordance with the partnership agreement and I.C. 23–4–1–38.

## II. Appraisal and Installments

██ Zeckel next contends the trial court erred in ordering an appraisal and installment payments for the appraised value of his partnership interest. I.C. 23–4–1–38 provides that the partner whose interest is purchased be paid in cash. Zeckel correctly contends the provisions in the partnership agreement contemplating the appraisal and installment methods apply only where a partner dies or voluntarily withdraws from the partnership.

Paskins responds that the appraisal is contemplated in I.C. 23–4–1–38, which provides that the value of the breaching partner's interest should be "ascertained." Paskins' assertion is correct. Based upon the language in I.C. 23–4–1–38, the trial court's order for appraisal was not improper.

Zeckel also complains that the trial court erred by not ordering Paskins to make a lump sum payment for Zeckel's partnership interest. I.C. 23–4–1–38 provides that the breaching partner's interest be "paid to him in cash, or the payment secured by bond approved by the court." Here, the trial court ordered Paskins to pay Zeckel's interest, pursuant to § 4.4 of the partnership agreement, in cash or by installments. As noted previously, § 4.4 applies only in the "event of the death of a partner or voluntary withdrawal." Record at 38.

The trial court erred by relying upon § 4.4, but such error is harmless because I.C. 23–4–1–38 allows the payment to be secured by bond if not paid in cash. The trial court ordered Paskins either to make a cash payment for Zeckel's interest or to make installment payments secured by bond. *See* Record at 95.

Lastly, Zeckel complains he has not been indemnified or released from partnership liabilities pursuant to I.C. 23–4–1–38(2)(c)(II). However, the trial court did cite Paskins' indemnity obligation. *See* Record at 95.

## CONCLUSION

The trial court's confirmation of the arbitration award by permitting Paskins' election to continue the business after dissolution was proper. The order for an appraisal of the partnership, installment payments for Zeckel's interest, and indemnity are affirmed.

Judgment affirmed.

NAJAM and HOFFMAN, JJ., concur.